Adopted January 26, 1891.

WILLIAM NOLTE ET AL. v. HENRY MEYER ET AL.

No. 2920.

1. **Deed Void from Uncertainty of Grantee.**—A deed, the beneficiary and trustees being uncertain, will pass no title.

2. **Uncertain Terms.**—"German citizens," the neighborhood including them not being defined; trustees, the number or mode of election not being given—as grantees in a deed are uncertain, and render the deed inoperative.

3. **Same—Fact Case.**—See a deed held inoperative by reason of uncertainty in the grantees.

APPEAL from Washington. Tried below before Hon. C. C. Garrett. The opinion gives a statement.

*Bryan & Campbell,* for appellants.—The court erred in not entering a judgment defining the true extent and nature of the trust and fixing the number of trustees and the time and manner of their election and ordering an election, for these reasons, to-wit:

(1) The deed of trust from Bush to the citizens did not confer the power of electing trustees upon a small portion of the community acting in opposition to a large portion thereof.

(2) The citizens having carried on a school in the church adjoining and used the ground in connection therewith, had practically so construed the trust, if the citizens had such power at all; and the trustees who carried the school temporarily to the State school house were the true and legal trustees elected by the entire community.

(3) It is apparent that a small portion only of the beneficiaries met and attempted to elect trustees, and that their action did not meet with the approval of a large portion of said beneficiaries, but on the contrary,

that a serious difference of opinion existed between the two factions in the community, and that defendants were not acting for the general good, but were hostile to the interests and wishes of the plaintiffs and the true interest of the entire community.

(4)   It nowhere appears that the German citizens have in fact fixed the number of trustees to execute said trust, nor the time and manner of their election, nor the duration of their term of office.

(5)   It appears from the evidence that these so-called trustees, in violation of their trust, had given a lien upon the trust property to one of their own number; that they set up an adverse claim to said property under said Lehde deed; that while they pretended to have placed a school house upon said land for the public good, they in fact claim the right to be indemnified for their expense out of the property and the community and these plaintiffs in particular; and they have permitted said grounds to be used as a graveyard, contrary to the express purposes of said trust.

(6)   The plaintiffs suing for themselves and a large portion of the beneficiaries under said trust were entitled to have said trust defined and to have the number of trustees fixed to administer the same, and their term of office and the time and manner of electing or appointing them fixed, because it was manifest that there was a wide difference as to the true nature and extent of said trust; and the acts of both parties rendered it doubtful as to what was the true construction of said instrument and the powers to be exercised thereunder, and the court alone had the power to settle the same and establish the purposes and uses of said trust and the manner of executing the same.

The instrument might be held altogether void for uncertainty.   Stonestreet v. Doyle, 40 Am. Rep., 731; Rizer v. Perry, 58 Md., 112.

The court has power to appoint trustees and establish a scheme for administering the trust.   Pearce v. Weaver, 65 Texas, 47; Washburn v. Sewall, 9 Met., 280; Perry on Trusts, secs. 287, 294, 722, 731, 732.

*J. T. Swearingen* and *P. H. Swearingen*, for appellees.—Any instrument conveying title to land is a contract between grantor and grantee, whereby the grantor conveys absolute or limited title of land to the grantee.   If the grantor owns the land in fee simple he has absolute control over it.   The grantee gives valuable consideration and accepts the land with all the power of grantor, except what is specially reserved.   The principle that a conveyance is a contract is too well settled by the Dartmouth College case and a number of decisions in our own courts to need more attention.

In our State a legal conveyance grants a fee simple title in grantee unless specially limited to a less estate.   Rev. Stats., art. 551.

In construing a contract, the proper ingredients must be present and the intention of the parties to the contract must control.

In the case now under consideration there are the two contracting parties, W. T. Bush, grantor, and the German citizens, the grantees. No objection is raised to the capacity of either party. The thing conveyed is definitely and precisely described. The consideration paid is $30. The grantor warrants the title to the grantees forever.

These alone would have divested title entirely out of W. T. Bush and vested all right and control over the land in these German citizens forever. They would then have received all Bush's power over the land, and could have done with it whatsoever they willed. What was their will the majority alone could decide.

But the deed does not convey the absolute control of land to the grantees. There is one express condition, viz., it must be used for school purposes. "Whereas the German citizens comprising the neighborhood six miles west of Brenham, in the east edge of the Labade Prairie, Washington County, wishing to establish a permanent school, to be known as Harrisburg Academy, * * * in consideration of the interest I take in the promotion of education * * * said lot of land is conveyed for school purposes (as shown above.)"

The wish (and that is equivalent to "intent") of these grantees was to establish a permanent school. W. T. Bush recognized the intent of the grantees to establish a permanent school, and recognized their power to elect trustees for the school they wished to establish; and partly in consideration of the interest he took in the promotion of education, he endorsed their enterprise by selling to these citizens and the Harrisburg school trustees appointed by these citizens his right and title in the three acres of land.

The one limitation in the title conveyed was the land should be used for school purposes. By complying with this condition the grantees received the land with all of Bush's power over it forever. Bush had absolute control. He conveyed all his right to these, subject to one condition. This one condition binds all who claim title under the W. T. Bush deed.

This limitation of the use does not create the school. It does make the conveyance for a charitable use—education; and if it is used for that, no matter how, the courts must hold Bush's title forever gone. Courts will hold the conveyance good against Bush and heirs, if it can construe its use by the *cy pres* doctrine into a charitable use.

But appellants do not claim the deed is insufficient to maintain the trust, but claim the deed does not give the grantees the power to elect trustees once, or if once, only once. They claim Bush did not reserve the power to himself, therefore it is in the court alone.

The school was established by the German citizens. For its management they created the office of trustees. All authority in this office came from its creators, the German citizens. They prescribed the number of trustees, the time and place of election.

Bush recognized the office. He could not have any control whatever over their office unless it was granted to him by the German citizens. No such authority is granted in the instrument. He conveyed for the benefit of this established school three acres of land to the German citizens and their trustees. Bush had no more control than any other citizen that contributed his pro rata for the school in consideration of the interest he took in the promotion of education. The trustees of the Harrisburg Academy did not receive their power from Bush. The time of their election, the place, and their number, depended entirely upon the will of the German citizens.

When Bush conveyed the land to the German citizens and trustees it was not agreed that the German citizens should surrender their power to elect their own trustees.

The land was conveyed with only one limitation, and that not as to the controller of it, but its use.

How it should be used for the school was left with the German citizens, and as the German citizens were going to manage their school through trustees, Bush conveyed to them as trustees of the German citizens for the school.

This being the true relation of the parties, the right to elect the trustees of Harrisburg Academy would be in the German citizens, without an express statement in the deed. But we are not dependent solely upon fair inference. The deed itself distinctly and clearly states that the note for the $30 consideration was signed by Lehde for the trustees of Harrisburg Academy, and that these trustees are to be appointed by the German citizens. Whether it was the intention of the parties or not, the power of electing trustees for the school was in the German citizens. Bush, with the consent of the German citizens, might have conveyed the land to his own trustees in trust for them, but he did not. He granted his entire title in the land to the German citizens and their trustees.

There can be no doubt that the German citizens had the power to elect trustees. It is too frivolous for notice to suppose the power of electing trustees was in the German citizens, while the authority to choose time of election, number of trustees, and place of election was in Bush or in a place never for a moment thought of—the court.

The deed itself shows clearly the German citizens did have the right to elect the trustees and did have entire control of the land, and will have as long as the condition in the deed is complied with. This being clear, was the power of electing trustees exhausted with the first election?

HENRY, ASSOCIATE JUSTICE.—This suit was brought by appellants, who claimed to be beneficiaries thereunder, in behalf of themselves and other alleged beneficiaries, to have trustees appointed and an interpretation of an instrument reading as follows:

" *The State of Texas, Washington County.*—Know all men by these presents, that whereas the German citizens comprising the neighborhood six miles west of Brenham, in the east edge of the Labadé Prairie, Washington County, wishing to establish a permanent school, to be known as the Harrisburg Academy, that I, W. T. Bush, of the aforesaid State and county, for and in consideration of the interest I take in the promotion of education, and the further consideration of the sum of thirty ($30) dollars in specie, the payment of which is secured by a promissory note for that amount, $30, bearing interest at 10 per cent per annum from the 21st day of February, 1868, and made payable on the 1st day of January, 1869, and signed by Wm. Lehde in behalf of the trustees yet to be appointed of the aforesaid Harrisburg Academy, do this day grant, bargain, sell, and convey a certain tract or parcel of land to the aforesaid German citizens and trustees, said trustees yet to be appointed by said citizens. Said parcel of land is in the aforesaid State and county in the Elliott Allcorn league, and is a part of the survey of 361 acres known as the James B. Wills tract; said tract was deeded by said Wills to E. H. Norton by deed bearing date September 29th, 1860, and by the said Norton to me, the said W. T. Bush, bearing date February 11, 1867. Said lot of land conveyed for school purposes (as shown above) is described and bounded as follows, to-wit: Beginning at the west corner of a survey of 56 acres of land made for John Linn out of the above described tract of 361 acres, a stake; thence north 43 degrees east with said Linn's line 75 varas to a stake near a branch or dry gully in prairie, from which a willow 10 inches diameter marked X bears north 25 east 30 varas distant; thence north 47 degrees west 225 varas to a stake in prairie for corner; thence south 43 degrees west 75 varas to a stake for corner in the southwest boundary line of the aforesaid James B. Wills survey; thence with said line south 47 degrees east 225 varas to the place of beginning; containing three (3) acres of land.

" Now I, the aforesaid W. T. Bush, of the aforesaid State and county, do forever bind myself and legal successors to warrant and defend the title to the foregoing three acres of land, together with all the appurtenances thereunto belonging or in anywise appertaining, unto the aforesaid German citizens and trustees, of the aforesaid State and county, and their legal successors, against the claims of any and all persons whatsoever.

"In testimony of which I have hereunto signed my name and affixed my seal, using scroll for seal, February 21, 1868.

" W. T. Bush."   [Seal.]

The defendants answered, asserting their right to act as trustees by virtue of their selection by the German citizens of the neighborhood, and asked judgment for money expended in building a school house on the land. The court refused to both parties the relief by them respectively sought, and gave judgment for costs in favor of the defendants.

We are of the opinion that the designation of the trust is in every particular too indefinite and uncertain to be sustained or administered by a court.    Dashiell v. Attorney-General, 9 Am. Dec., 572, and note; Bailey v. Kilburn, 43 Am. Dec., 432; Galleyo's Executors v. Attorney-General, 24 Am. Dec., 650; 2 Perry on Trusts, sec. 731, p. 363.   If we were able to determine who were intended to be included within the designation of German citizens, it would still be impossible to ascertain the boundaries of "the neighborhood six miles west of Brenham in the east edge of the Labade Prairie, Washington County." There is no practical way of ascertaining just where one neighborhood begins or another one ends.   It would have been different in that particular if some political division had been mentioned which for some purpose of government had defined boundaries.

The instrument neither states the number of trustees nor gives any direction by which the number intended may be ascertained.   It neither appoints trustees nor provides a method by which they may be appointed. The direction that they may be appointed by said "German citizens" does not help, as the same difficulty exists about who are the "German citizens" intended who may make the appointment as there does as to who are the beneficiaries.   There being no grantee named in the deed the legal title remains in the grantor.

In order to furnish the relief sought by the plaintiffs the court, instead of interpreting and administering a trust according to the purpose of the grantor, would have to in effect create one.

Because we think the instrument declared upon is void for uncertainty, we affirm the judgment.

*Affirmed.*

Delivered January 27, 1891.