IDA BANNER ET AL. V. JOHN E. ROLF ET AL.

Decided May 2, 1906.

**1.—Will—Charitable Bequest—Beneficiaries.**

A devise of property to the trustees of an incorporated church, "for the benefit of the poor, helpless and dependant members and orphan children of such church," was not void because the beneficiaries were insufficiently described; the "poor, helpless and dependents" were a class capable of identification, and baptized children of deceased members, if it was a society practicing infant baptism, were properly described as "orphans of the church." Nolte v. Meyer, 79 Texas, 351, distinguished.

**2.—Incorporated Church—Administration of Bequest.**

Property bequeathed to an incorporated church in trust for charitable purposes is to be managed and the trust administered, not by the body of the members, but by the corporate trustees. Rev. Stats., art. 660.

**3.—Charitable Trust.**

The possibility of the trustees of a charitable bequest administering the trust for their personal benefit will not render the bequest void.

**4.—Same—School.**

A bequest of ground for the location of a school building and of funds for the support of a school construed, in connection with other bequests for the support of orphan children, as contemplating a school for the education of such orphans.

**5.—Practice on Appeal—Presumptions.**

In the absence of a statement of facts it will be presumed that evidence necessary to sustain the judgment was introduced.

Appeal from the District Court of Travis County. Tried below before Hon. V. L. Brooks.

*G. W. Allen* and *Cochran & Penn,* for appellant.—When the will is so uncertain as to the persons to be benefited that there can be no standard to determine in the courts of the country the rights of the persons who may claim to participate, the bequest is invalid. Nolte v. Meyer, 79 Texas, 351; Fosdick v. Town of Hempstead, 11 Law Rep. Ann., 715; Jones v. Green, 36 S. W., 729.

A bequest for the support of the poor and dependent members and orphans of a particular local church organization is not a public charity, and where property is to be administered by the membership of such a church, who are forbidden to sell the same for all time, the bequest is void because violative of the constitutional provision of this State against the creation of a perpetuity. Rev. Stats., art. 713; Philadelphia v. Masonic Home, 40 Am. St. Rep., 736; Fosdick v. Hempstead, 11 Law Rep. Ann., 715; Hardin v. Trustees, 47 Am. Rep., 555; Baptist Church v. Witherell, 24 Am. Dec., 223; Dulany v. Middleton, 72 Md., 67; Heiss v. Murphey, 40 Wis., 276; Fifield v. Van Wyck, 64 Am. St. Rep., 745 and note; Hoeffer v. Clogan, 63 Am. St. Rep., 241 and note.

A bequest of property to trustees to be used in establishing and maintaining a school, without defining what kind of a school as to the nature of its teaching and the class of persons to be educated thereat in any way, is too indefinite and can not be sustained as a trust for a charitable use. Nolte v. Meyers, 79 Texas, 355; Stratton v. Institute, 5 Law Rep. Ann., 33.

*Wm. Von Rosenberg, Jr., D. W. Doom* and *D. H. Doom,* for appellees. —The testatrix, Johanna Petterson, had the legal right to devise in trust the lands and money involved in this contest in perpetuity for charitable uses, and the language of her will manifests her intention to so do. Rev. Stats., 1895, art. 660; Bell County v. Alexander, 22 Texas, 350; Paschal v. Acklin, 27 Texas, 173; Elwell v. Universalist General Convention, 76 Texas, 514; Carleton v. Roberts, 1 Unreported Cases, 587; Gidley v. Lovenberg, 79 S. W. Rep., 831; Vidal v. Girard, 2 Howard, 127; Perin v. Carey, 24 Howard, 465; Jones v. Habersham, 107 U. S., 174; Dye v. Beaver Creek Church, 59 Am. St. Rep., 724; Shields v. Jolly, 42 Am. Dec., 349; Estate of Hinckley, 58 Cal., 457; Biscoe v. Thweatt, 86 S. W. Rep. (Ark.), 432; Hoeffer v. Clogan, 63 Am. St. Rep., 241, and note, page 248; City of Philadelphia v. Girard's Heirs, 45 Pa. St., 9, 84 Am. Dec., 470; Sears v. Chapman, 35 Am. St. Rep., 502; Harrington v. Pier, 76 Am. St. Rep., 924.

The purposes for which the three acres were set apart and for which the bequest of the residue of the estate was made, namely, to be used in maintaining a school to be established on the three acres of land, were stated with sufficient certainty in the will. Bell County v. Alexander, 22 Texas, 350; Russell v. Allen, 107 U. S., 163; Bedford v. Bedford, 35 S. W. Rep., 926.

KEY, ASSOCIATE JUSTICE.—This is a proceeding by the heirs at law of Johanna Petterson, deceased to have set aside and declared void certain provisions of the will of the decedent. It originated in the County Court, reached the District Court by appeal, and from a judgment of that court in favor of the contestee the contestants have appealed. There is no statement of facts, and the case is submitted in this court on the trial judge's findings of fact, which are as follows:

"1. Mrs. Ida Banner, Gus Bergquist, Mrs. Matilda Lonn, Karoline Albertina Mild, Mrs. Annie Sophia Johnson, Carl Johan Emil Johnson-Strand, Carl Freithof Engborg, John Bror Engborg, and Carolina Eleanora Hapsch, are the heirs at law of the deceased, Johanna Petter-

son. The other contestants named in the pleadings are the husbands of those of the above named contestants who are married women.

"2. John Rolf, contestee, is the duly appointed, qualified and acting executor of the last will of the deceased Johanna Petterson.

"3. The will of Johanna Petterson, deceased, was duly probated by order of the County Court of Travis County, Texas, on April 12, 1902.

"4. The will of said deceased consists of eleven paragraphs each bearing a distinct number, and the fourth, fifth and tenth paragraphs thereof, which are the subject of this contest, read as follows:

" 'Fourth.—I give and bequeath and devise to the trustees of the Swedish Evangelical Lutheran Church of New Sweden, Travis County, Texas, a certain tract of land, the same being my homestead, and consisting of two hundred and six and two-thirds acres of land in Travis County, Texas, described as follows, to wit: One hundred and six and two-thirds acres out of the Thomas Smith survey, with metes and bounds as follows: Beginning at the northwest corner of the J. A. Stanline survey; thence south sixty degrees east, nine hundred and fifty varas to stone for corner; thence north thirty degrees east, six hundred and thirty-three and one-half varas to stone for corner; thence north thirty degrees east, six hundred and thirty-three varas to stone in Cottonwood creek; thence north sixty degrees west, nine hundred and fifty varas to stone for corner; thence south, thirty degrees west, six hundred and thirty-three and one-third varas to place of beginning, containing one hundred and six and two-thirds acres of land, more or less.

"And one hundred acres of land out of the Theophilus Elison survey in Travis County, Texas, with metes and bounds as follows: Beginning at the northeast corner of the east half of the T. Elison survey for the northeast corner of this survey, thence north sixty degrees west, seven hundred varas to stake; thence south ——— degrees west, eight hundred and six varas to stake; thence south sixty degrees east, seven hundred varas; thence north thirty degrees east, eight hundred and six varas to place of beginning, containing one hundred acres of land, more or less, together with all and singular the rights, members and appurtenances to the same in any manner belonging unto the said Swedish Evangelical Lutheran Church, for the benefit and support of the poor helpless and dependent members and orphan children of said church, and if there should ever be a division in said church, this request shall remain with and to the original Swedish Evangelical Lutheran Church of New Sweden, Travis County, Texas.

" 'And it is my will that said two hundred and six and two-thirds acres of land shall never be sold or conveyed, but that the said Church shall distribute the yearly income from the same to its dependent orphans and members as above directed.

" 'It is also my will that that three acres out of the northwest corner of the above described one hundred and six and two-third acre tract of land be set aside for use as a building site for school purposes, the same to be administered and controlled by the trustees of said church.

" 'Fifth.—I give and bequeath to Eric Pearson and his wife, Martha Pearson, for their use and behoof during their natural lives, thirty acres of land out of the Thomas Smith survey described as follows, to wit: Beginning at the southwest corner of C. M. Newgrews survey of one

hundred and six and two-thirds acres, part of said Smith survey; thence north sixty degrees west, with Stamline's north line, four hundred and eighty three and one-half varas to the southwest corner of this tract of land; thence north thirty degrees east, three hundred and fifty and one-fourth varas, to stake for northwest corner of this tract; thence south, sixty degrees east, four hundred and eighty-three and one-half varas, to a fence post in a drain (marked X) on the line between Mrs. Petterson's and C. M. Newgrews surveys; thence south thirty degrees west, three hundred and fifty and one-fourth varas, to the place of beginning. containing thirty acres of land, more or less.

" 'After the death of Erich and of Martha Pearson, I give and bequeath said thirty acres of land to the Swedish Lutheran Church of New Sweden, Texas, to be used as specified in item four of this will.

" '10. I give and bequeath the remainder of my estate not herein devised in trust to the trustees of the Swedish Lutheran Church of New Sweden, Texas, to be used in maintaining the school that shall hereinafter be established on the three acres of land designated in section four of this will, for school purposes.'

"5. John Rolf holds in his capacity of executor of the will of Johanna Petterson, deceased, the land described in those paragraphs of the will above set out, and the sum of $2,259 in money, after having duly discharged all duties devolving upon him in such capacity, except the directions contained in said paragraphs.

"6. The Swedish Evangelical Lutheran Church of New Sweden is a religious corporation, duly incorporated under the laws of the State of Texas; and the parties named in the pleading as trustees, are the duly elected and acting trustees of said corporation, and were such at the date of the execution of the testator's will, and at the date of her death.

"7. No part of the land described in clauses four, five or ten of the will is located in any incorporated city or village or within two miles thereof."

*Opinion.*—Appellants assert that the fourth and tenth clauses of the will are void. The fourth is assailed upon the grounds, (1) that the beneficiaries as a class are not sufficiently described; (2) that it creates a private trust or perpetuity, for the reason that it leaves the trust to be administered by the membership of the church, thereby authorizing each member to vote for himself as a beneficiary; or (3) if the trust is to be administered by the trustees of the church, then such trustees have the power to determine that they themselves are entitled to participate in the bequest, which, it is contended, creates a private trust and not a public charity. That part of the fourth clause which directs that three acres of the land disposed of by said clause be set aside for use as a building site for school purposes, and the tenth clause bequeathing the residue of the estate to the trustees of the church to be used in maintaining such school, are assailed, the contention being that these provisions are void on account of the failure of the will to define the kind of school to be established, and the class of persons entitled to attend such school.

The objections urged are not regarded as tenable. Two classes of beneficiaries are named in the will. One class consists of certain mem-

bers of the church named in the will, and such class is identified as those who are not only poor but also helpless and dependent; and we see no reason why such class of persons can not be readily identified. The other class is designated as the orphan children of said church. It is matter of general information that according to the tenets, laws and regulations of some churches, children whose parents are members of the church are baptised into the church, and such class of children whose parents are dead may properly be described as orphans of the church. Other churches do not practice infant baptism, and receive members only upon personal confession of faith. The record in this case does not show to which class the church referred °to belongs; and it may have been shown in the court below that it belongs to the former class, in which event little difficulty would be encountered in determining who were the orphan children of the church. There being no statement of facts in the transcript, it will be presumed that proof was made of all facts essential to the validity of the will. We conclude that the will sufficiently identifies the classes of persons intended as beneficiaries. (Bell County v. Alexander, 22 Texas, 350; Paschal v. Acklin, 27 Texas, 173; Gidley v. Lovenburg, 79 S. W. Rep., 831; Elwell v. Universalist Genl. Convention, 76 Texas, 517; Jones v. Habersham, 107 U. S., 174; Dye v. Beaver Creek Church, 59 Amer. State Reps., 724; Shields v. Jolly, 42 Am. Dec., 349; Estate of Hinckley, 58 Cal., 457; Hoeffer v. Clogan, 63 Am. St. Rep., 241; Biscoe v. Thweatt, 86 S. W. Rep., 432.)

The case of Nolte v. Meyer, 79 Texas, 351, relied on by appellants, is not regarded as analogous. In that case a deed was made to "the German citizens comprising the neighborhood six miles west of Brenham in the east edge of Labade Prairie, Washington County," and the school trustees thereafter to be appointed by such citizens. The Supreme Court held that as there were no trustees in existence when the deed was made, and the boundaries of the neighborhood referred to were uncertain and impossible of ascertainment, there was no grantee and the deed was void. In the case at bar the church was incorporated and had a board of trustees at the time the will was made, and the beneficiaries are pointed out with as much certainty as they were in the recent case of Gidley v. Lovenburg, supra, which is much more analogous.

We do not agree with appellants' contention that the will necessarily authorizes the members of the church to administer the trust. It may have been shown by the testimony that, as required by article 660 of the Revised Statutes, all the secular or business affairs of the church are managed and controlled by the trustees; and, if such be the case, the disposition made by the trustees of any fund of the church might properly be spoken of as a disposition by the church. And the language of the will "that the said church shall distribute the yearly income from the same to its dependent orphans and members, as above directed," may properly be construed to mean that the church, by its governing officers or its trustees charged with the management of its business affairs, should make the distribution referred to.

The further contention that this construction would authorize the trustees to declare themselves beneficiaries, is not regarded as furnishing a sufficient reason for nullifying the clauses of the will under con-

sideration. It is not to be supposed that the testatrix contemplated the improbable contingency that the church would select as trustees any person who could properly be described as a poor, helpless and indigent member of the church, or as an orphan child of the church; and therefore it is reasonably certain that she intended to exclude the trustees from the benefits of the will. It may be true in this case, as in many others, that the trustees might, by improper conduct, divert the trust property to their own use; but the existence of such possibility affords no reason for declaring such trust void and nullifying the provisions of the will intended for the establishment of a laudable public charity.

Insofar as the will has reference to a school to be established upon the land, we are of opinion that these provisions were intended for the same beneficiaries which had been previously designated primarily for the benefit of the orphan children of the church; and if any revenue should be derived from the school, either as rent or tuition, it should be regarded as income, and distributed among the dependent members and orphans of the church, as directed by the fourth clause of the will. It was doubtless the intention of the testatrix to vest in the trustees large discretion concerning the school, including the time of its establishment and all other details, which we think it was competent for her to do; and we hold that the provisions in reference to the school are not void on account of uncertainty.

No error has been shown and the judgment is affirmed.

*Affirmed.*

Writ of error refused.