### INGRAHAM *v.* SUTHERLAND·

### Opinion delivered February 15, 1909.

WILLS—TRUST—UNCERTAINTY.—Where a testator devised a life estate in land and personal property to his wife and son, and provided that the remainder, if any, should be appropriated to building a Masonic hall, without naming any trustees or beneficiaries, and without describing the hall to be built or appointing any one to direct how it should be built or to accept it when built, the devise is too vague, indefinite and uncertain to be capable of enforcement.

Appeal from Sebastian Chancery Court; *J. Virgil Bourland,* Chancellor; affirmed.

*Winchester & Martin,* for appellant.

Taking the will as a whole and construing the same in the light of attendant conditions and circumstances, as is the rule, it seems clear that the testator intended that his lands, and whatever of the balance of his estate might be left at the death of his wife and son, should be used in erecting a house of worship and a lodge. 73 Ark. 60; *Id.* 422; 22 Ark. 567; 38 Ark. 439; 51 Ark. 61; 52 Ark. 113; 83 Ark. 554; Gardner on Wills, 473; 91 Ky. 621; 104 U. S. 291.

*T. B. Pryor* and *Youmans & Youmans,* for appellees.

The will conferred the entire estate upon the wife and son. The limitation over was repugnant to the devise to the first takers, and was void. 81 Ark. 480; 59 Vt. 494; 68 Me. 133.

BATTLE, J. Lee H. Ingraham and others, who are the officers of Oak Bower Lodge No. 277, of Free and Accepted Masons, brought this suit in the Sebastian Chancery Court for the Greenwood District of Sebastian County, to recover one-half of certain lands which belonged to James Yarbrough at the time of his death. They seek to recover in right of and for Oak Bower Lodge No. 277. They based their claim to the land on the last will and testament of James Yarbrough, deceased. The parts of the will upon which their claim depends are as follows:

"First, I desire that my wife, Matilda Yarbrough, and my son, William Jasper Yarbrough, have the benefit of the homestead with all the appurtenances thereunto belonging and the stock belonging to the premises. The homestead embraces all my real and personal estate, for their maintenance as long as they live."

"Third. I further bequeath that at the death of my wife, Matilda Yarbrough, and my son, William J. Yarbrough, that what of my estate is left, if any, shall be appropriated to building a house of worship belonging to the Methodist Episcopal Church (South) and a Masonic Hall. My desire is that the church and hall should be built together, either on my premises or somewhere near, as may be agreed upon by the neighborhood. But if the church and hall shall be built separately, then the amount of my estate shall be equally divided between the two interests."

Upon final hearing the court dismissed the complaint of plaintiffs for want of equity; and they appealed.

The part of the estate of the testator intended to be appropriated to the building of a church and Masonic Hall was not bequeathed or devised to any one. The beneficiaries for whom the appropriation for a Masonic Hall was intended were not named. No description of the hall to be built is given; and no one was appointed or authorized to be appointed to direct how and according to what plans it shall be built, or to accept it when built. The devise for the hall is too vague, indefinite and uncertain to be capable of enforcement, and is void.

Decree affirmed.