WITTEN *v.* WEGMAN.

Opinion delivered June 30, 1930.

*W. H. Dunblazier* and *Joseph R. Brown,* for appellant.

*Cravens & Cravens* and *Warner & Warner,* for appellee.

MEHAFFY, J. This suit was begun by John Wegman, a nephew of Conrad Wegman, deceased, to have the will of Conrad Wegman construed and to have that part of said will which attempted to create a trust, declared void. Earl S. Witten, the appellant, is a nephew of Ettie Wegman, deceased, and claims the property mentioned in said will as the heir at law of said Ettie Wegman. Earl S. Witten was made a party defendant and filed answer and cross-complaint and prayed that the title to the property be declared to be in him and that the complaint of plaintiff and cross-complaint of William Wegman be dismissed. The other defendants answered, and defendant William Wegman, who was the brother of Conrad Wegman and the owner of an undivided one-half interest in the property, filed answer and cross-complaint and prayed that the property be partitioned. Plaintiff filed a

demurrer to the answer and cross-complaint of Earl S. Witten. Numerous pleadings and amendments were filed by the parties, but it is not necessary to set them out, as the only question involved is the right of appellant to the property in question. Appellant states, ''The construction of the third paragraph of Conrad Wegman's will determines appellant's right to the property in question. The trust void, in whom did title to the property vest upon testator's death?''

We agree with appellant in this statement. By the second paragraph of the will, Conrad Wegman gave to his wife, Ettie Wegman all of his personal property. The third paragraph of the will is as follows: ''My brother, William Wegman, and myself are the owners of lot No. seventeen, south side of Garrison Avenue, Fort Smith, Arkansas, and the building thereon and also a fractional lot in the rear of lot seventeen, inherited from our parents, and it is my will that my half interest in the said real estate shall go to my said wife, and it is hereby bequeathed to her for and during her natural life, out of which she is to enjoy the rents and profits during her lifetime; and in the event she should agree with my said brother to sell the same, it is my desire that the proceeds of the sale be put in a trust fund, out of which fund my said wife shall receive the interest during her natural life, and at her death it is my will that the property mentioned in this paragraph shall go toward building a home for old and dependent women in the city of Fort Smith, Arkansas, named for and in honor of my sainted mother, Mary Wegman.'' The special trustee filed pleading and prayed that the complaint be dismissed, and that said will in all respects be upheld. He alleged that the trust created by the will was a legal, valid and subsisting trust and capable of being carried into effect. He did not appeal from the decision against him. The chancellor held that all the right, title and interest of Ettie Wegman in the property terminated upon her death, and that the provisions of said will whereby the testator attempted to

create a trust are insufficient to create a trust and are null and void; that upon the death of Conrad Wegman the title to the property involved vested in the heirs-at-law of the said Conrad Wegman. The third paragraph of the will provides that upon the death of Ettie Wegman, "It is my will that the property mentioned in this paragraph shall go toward building a home for old and dependent woman in the city of Fort Smith." It will be observed that no one was appointed or authorized to be appointed to direct how and according to what plans the home should be built or to accept it when built. The property was not bequeathed or devised to anyone. The beneficiaries were not named. The devise for the home is too vague, indefinite and uncertain to be capable of enforcement. *Ingram* v. *Sutherland*, 89 Ark. 596, 117 S. W. 748; *Wallace* v. *Wallace*, 179 Ark. 30, 13 S. W. (2d) 810; *Booe* v. *Vinson*, 104 Ark. 439, 149 S. W. 524.

The provision attempting to create a trust being void, in whom did title to property vest upon testator's death? Appellant cites and relies on *Booe* v. *Vinson*, 104 Ark. 439, 149 S. W. 524. In that case the court said: "It was his evident purpose to provide at least such income for the maintenance of the legatees for the time specified, for the last of the sentence shows that at their death 'what is left, if anything, be used for charitable purposes,' indicating a desire only that what remained of the estate, after the distribution to appellees, if anything there was, should be diverted to another purpose." The language of the will in the Booe case was: "All my estate, real, personal and mixed, I give and bequeath to my aunt, Mrs. Carrie Vinson, and her daughter Bennie Vinson, subject to the following conditions and bequests." That is, he gave the legatees named his entire estate subject to the conditions named. He did not undertake to limit it to their natural lives. Again it is said in the Booe case: "Nowhere is there anything expressed in the will to indicate that, if it had been known to the testator that the gift of charity would fail, he would not have been willing

for appellees to have absolute control and ownership of all the property given them.'' Moreover, the legatees in the will construed in the Booe case were the sole and only heirs at law of said testator. In the instant case the property was bequeathed to Ettie Wegman for and during her natural life. It was clearly the intention to bequeath a life estate only.

The case of *Stewart* v. *Jones*, 219 Mo. 614, 118 S. W. 1, 131 Am. St. Rep. 595, and the case of *Provenchere's Appeal*, 67 Pa. St. 463, relied on by appellant, announce the doctrine that the object in construing wills is to ascertain the intention of the testator. This is the rule in this State. We said in the case of *Booe* v. *Vinson, supra*: ''The purpose of construction of a will is to ascertain the intention of the testator from the language used as it appears from consideration of the entire instrument, and, when such intention is ascertained, it must prevail if not contrary to some rule of law, the court placing itself as near as may be in the position of the testator when making the will.''

The next authority relied on by appellant is 40 Cyc. 1410. It is there said: ''The presumption against partial intestacy, however, arises only where an intention to pass the whole estate is expressed in some form, and it cannot avail where the language used by the testator is plain and unambiguous; and hence the presumption may be rebutted and intestacy upheld as to part of the estate where it is clearly apparent from the will that the testator did not intend to dispose of all his estate by will.''

It is also said in 40 Cyc. 1412: ''Where any ambiguity exists in a will, unless there is a manifest intention to the contrary, the presumption that the testator intended that his property should go in accordance with the laws of descent and distribution will be applied as an aid in construing the will; hence such a construction should be given the will as favors the heirs at law, or next of kin, in preference to disinheritance, or to strangers, or persons not so closely related to the testator, and

heirs at law will not be disinherited by mere conjecture, but only by express words in the will or by necessary implication arising therefrom." In the will here involved it is clearly stated that the wife shall have a life estate, and it would be unreasonable to hold that the testator intended, if the trust failed, that strangers rather than his next of kin should take his property. In the absence of provision to the contrary, the property included in a trust will pass to the heir or next of kin of the testator rather than to strangers. 40 Cyc. 1818; 26 R. C. L. 1216.

The testator gave his wife a life estate only, and when the trust failed, his property, at the death of the life tenant, goes to his heirs. The decree of the chancery court is affirmed.