BOYD v. SIMPSON.

Opinion delivered June 29, 1931.

*O. E. Williams,* for appellant.

*Joe P. Melton* and *Charles A. Walls,* for appellee.

BUTLER, J. The appellants, sole heirs of W. M. Daniel, deceased, claimed by inheritance the title to a lot in the town of Lonoke, which was the homestead of Daniel in his lifetime, and brought this suit against Joe Simpson who claimed under the widow of W. M. Daniel by virtue of a devise to her of the said property in the last will and testament of the said W. M. Daniel. In the complaint the court was asked to construe the will and declare the plaintiffs the owners of the homestead, and that the deeds executed by the widow and others based on their claim of title under the will be canceled.

Paragraph 1 of the will provided for the appointment of an executor with certain directions. Paragraph 2 under which the appellees claimed is as follows: "After the payment of my debts and funeral expenses, I give to my beloved wife, Georgia Daniel, part of the east half of block 24, Wright's survey to the town of Lonoke, Arkansas, and described as follows: (Here follows description).

Paragraph 3: I give the sum of $100 to each of my beloved daughters, Mrs. Etta Boyd and Mrs. Fannie Bell Thompson.

Paragraph 4: I give the income from residue of estate, both personal and real, to my beloved wife, Georgia Daniel, during her lifetime.

Paragraph 5: After the death of my wife, Georgia Daniel, I give the residue of my estate, both real and personal, in fee to my beloved daughters, Mrs. Etta Boyd and Mrs. Fannie Bell Thompson, or to their surviving heirs.

Paragraph 6 authorized the executor to sell any of the real or personal property except the homestead for the purpose of paying debts, funeral expenses and legacies, and for the balance of any money arising from the sale to be placed at interest, and it and as much of the principal as necessary to be used for the support of Mrs. Daniel during her lifetime. This paragraph concluded with the following language: "It being my intention to provide a comfortable living for my beloved wife, Georgia Daniel, out of my estate in addition to the home set aside for her, and any balance after her death shall go to my daughters, Mrs. Etta Boyd and Mrs. Fanny Bell Thompson or their heirs as hereinbefore provided for."

The court found that by the will William Daniel, deceased, devised and bequeathed the following real estate to his wife, Mrs. Georgia Daniel, in fee simple, to-wit: (Here follows the description of the property mentioned in paragraph 2 of the will.) The court further held that the plaintiffs take nothing by their complaint, and that the same be dismissed for want of equity. From that decree is this appeal.

We think the chancellor correctly construed the will. By paragraph 2 there was an unconditional devise of the homestead to the widow without any words qualifying or limiting it. This, as we have frequently held, would manifest a clear intention on the part of the testator to

vest in her a fee simple estate. That intention in this case becomes more apparent upon a consideration of the entire will, for, after having devised the homestead to the widow, she is given the entire income from the residue of the estate during her lifetime with remainder over to the heirs as provided in paragraph 5. By this will the entire estate was disposed of in a manner prescribed by the testator in clear and unambiguous terms. The rules for the construction of wills are so well settled that we deem an extended citation of authorities unnecessary, but refer to the following cases which support and sustain the finding of the chancellor. *Hysmith* v. *Patton*, 72 Ark. 296, 80 S. W. 151; *Bernstein* v. *Bramble*, 81 Ark. 480, 99 S. W. 682; *Booe* v. *Vinson*, 104 Ark. 439, 149 S. W. 524; *Kelly* v. *Kelly*, 176 Ark. 548, 3 S. W. (2d) 305; *Witten* v. *Wegman*, 182 Ark. 62, 30 S. W. (2d) 834; *Letzkus* v. *Nothwang*, 170 Ark. 403, 279 S. W. 1006.

The decree of the trial court is in all things correct, and it is therefore affirmed.