## CITY OF HASKELL et al. v. FERGUSON et al.

### No. 1170.

Court of Civil Appeals of Texas. Eastland.

Dec. 1, 1933.

Ratliff & Ratliff and B. C. Chapman, all of Haskell, for appellants.

T. R. Odell, of Haskell, Radford Byerly, of Dallas, F. L. Henderson, of Bryan, E. V. Hardwick, of Stamford, and Robertson & Murchison, and Tom Davis, all of Haskell, for appellees.

LESLIE, Justice.

This suit was instituted by Alex M. Ferguson for himself and as temporary administrator of the estate of Kate F. Morton, deceased, in the district court of Haskell county, against Joe Lee Ferguson, for a construction of the following provision in the will of Mrs. Morton: "First, I want a hospital built in Haskell in memory of my husband, Francis Marion, to cost $50,000.00 (Fifty Thousand Dollars); if I live I expect to have it done myself."

He alleged that the original will had been probated; that he was the duly appointed, qualified, and acting temporary administrator of the estate of Mrs. Morton; that he and the said Joe Lee Ferguson were the residuary legatees under the will; that all other bequests in the will had been, or would be, carried out as provided for in the will; and that he and the said Joe Lee Ferguson were the only interested parties in the subject-matter of the suit.

The plaintiff further alleged that he was in doubt as to the true construction and legal effect of the hospital clause in the will; that he could not proceed safely in carrying out the terms of the will without direction from the court; that the clause should be construed for the benefit of the plaintiff and defendant in order that their interest in the estate might be determined. It was alleged that a necessity existed for a construction of that provision of the will in order that the estate might be closed and the property distributed to those entitled to same. There was a prayer for a decree determining the validity or the invalidity of the above provision, and that, if for any reason the same be invalid, it be so adjudged and that the legal effect, if any, of such invalidity on the remaining part of the will be declared, and that, if the intended scheme of the testatrix could not be carried out, the above provision be declared void. The prayer was also to the effect that, if the provision be found to be valid and so adjudged, the court give such instructions and directions for the future guidance of the plaintiff as will protect him and others interested in the estate.

The defendant Joe Lee Ferguson answered and set up that he was one of the residuary legatees in the will, and conceded that the allegations contained in plaintiff's petition were true. He likewise asked for a construction of said provision of the will and adopted the prayer of the plaintiff.

The city of Haskell and Haskell county, respectively, through their duly authorized officials, intervened in the suit. The officers also intervened as resident citizens of the city and county, respectively. The intervention was for and in behalf of themselves and for other resident citizens of the city and county. They alleged they had an interest in the matters in controversy, and were interested in the construction of the hospital clause of the will. They alleged that Haskell, in Haskell county, was the place designated in the will where the hospital was to be built, and that they and the other resident citizens of the city and county were the beneficiaries under the hospital provision of the will. In this connection it was further alleged that no hospital existed at that time, either in the city or in the county, and that Mrs. Morton's estate was of an estimated value of $300,000, amply sufficient to take care of all devises and bequests, as well as the construction of the hospital provided for in the will. The interveners alleged that prior to her death Mrs. Morton had expressed herself as wanting to build a hospital for the benefit of the people of said city and county, and especially for the benefit of the poor of the county; that she and her husband had long resided in that county, and that they had no children, and had accumulated a large estate while residing there; that Mrs. Morton was of a sympathetic nature and given to rendering assistance to those in needy circumstances. These interveners also asked for a construction of the hospital provision of the will, contending that it was valid and that it should be carried out.

Neither the city nor the county offered its facilities as a municipality or as an organized agency of the state government to aid in carrying out the alleged scheme for establishing and maintaining a hospital, as provided for, if any, in the will.

Trial was had before the court without a jury, and judgment was rendered declaring the hospital provision of the will to be void and the scheme therein ineffectual. · It was further decreed that the bequest for a hospital failed and fell into the general residue of the estate of Mrs. Morton and passed by that clause in equal parts to Joe Lee Ferguson and Alex M. Ferguson. It was ordered that the interveners take nothing by reason of their plea in intervention. To this judgment the interveners excepted and gave notice of appeal, and now present for review in this court the action of the trial court.

This appeal is predicated upon sixteen propositions of law by which it is sought to show that the trial court erred in said judgment. Several of these propositions, in substance, present the same question but from a different angle. It will be unnecessary to consider each proposition separately. Together they present the controlling questions conceded by appellants and appellees to be:

(1) Is the hospital bequest a gift for a charitable purpose?

(2) If the hospital bequest be for a charitable purpose, is it invalid (a) because the testatrix failed to designate a donee of the legal title to the $50,000 and beneficiaries of the equitable interest; (b) because of indefiniteness as to beneficiaries; and (c) because she gave no directions for making the bequest effectual, or fixed any means for doing so?

There is no statement of facts in the record, but the trial court has filed findings of fact and conclusions of law, which we here incorporate in the opinion.

"Findings of Fact.

"1. I find that Mrs. Kate F. Morton, a widow and childless, living in Haskell, Texas, died in that city on March 10, 1925, seized and possessed of an estate consisting of real and personal property of an estimated value at that time of approximately $300,000.00, and left a will, dated May 5, 1924, which is as follows:

" '(Telephone No. 53  Post Office 92)

" 'Last Will of Kate F. Morton

" 'Haskell, Texas, May 5th, 1924.

" 'I am going on a journey and may never come back alive, so I make this will; but I expect to make changes if I live.

" 'First, I want a hospital built in Haskell, in memory of my husband, Francis Marion, to cost $50,000.00 (Fifty Thousand Dollars); if I live I expect to have it done myself.

" 'I will to Jasper C. Lawson some piece of property or money of the value of Five Thousand Dollars ($5,000.00).

" 'To Nannie Darr, my husband's sister, One Thousand Dollars in money or property; to my brothers, Alvah and James, I will (100) One Hundred Dollars each.

" 'To Anna Kate Ferguson, a section of farming land 640 acres.  The residue of property to be divided between my brothers, Joe Lee and Alex M. Ferguson.

" 'To Zelma Ballard, I will her the note I have on Curtis Ballard, her husband.

" 'I want all my just debts paid.  I owe W. H. Murchison for his services since my husband died.

" 'Love and good will to all my friends.
" 'Kate F. Morton.'

"2. I further find that said will has heretofore been duly admitted to probate and is now of record in the probate Minutes of the County Court of Haskell County, Texas, in Vol. ——, Page ——.

"3. I further find that Alex M. Ferguson, individually, and as Temporary Administrator of the Estate of Kate F. Morton, deceased, brought this suit, as plaintiff, against Joe Lee Ferguson, as defendant, for the construc-

tion by this court of that provision in said will reading as follows: 'First, I want a hospital built in Haskell in memory of my husband, Francis Marion, to cost $50,000.00 (Fifty Thousand Dollars); if I live I expect to have it done myself,' which is hereinafter referred to as the hospital clause, and, if for any reason said hospital clause be void, invalid, or inoperative, and the scheme therein expressed be ineffective then that said hospital clause be declared void, and for an order, judgment or decree of this court adjudging and decreeing the rights of said plaintiff and defendant in and to the properties of said testatrix disposed of, or attempted to be disposed of by said hospital clause, and in which suit the City of Haskell, among others, intervened claiming that Mrs. Kate F. Morton intended a hospital for the benefit of the City of Haskell and its citizens and inhabitants by said clause.

"4. I further find that said clause bequeathing, or attempting to bequeath, the sum of $50,000.00 for a hospital did not make a gift of said sum to the City of Haskell or vest the legal title or any equitable interest in and to said sum in any person, natural or artificial, by force of the gift itself.

"5. I further find that Mrs. Kate F. Morton, deceased, in her will did not appoint a trustee to carry out the bequest and that she did not designate the beneficiaries, either as individuals or as a class of persons, as the objects of her bounty.

"6. I further find that Mrs. Morton's will does not declare the manner or lay down any plans by which the gift or bequest of $50,000.00 for a hospital in Haskell is to be made effectual or fix any means for doing so.

"7. I further find from the testimony given by Dr. D. L. Cummins, a resident physician at Haskell, Texas, that Mrs. Kate F. Morton, in her lifetime, discussed with him plans for establishing a hospital in Haskell for the use and benefit of the people of Haskell and Haskell County, but that in her declarations to Dr. Cummins she did not say anything as to how it was to be operated after her death.

"Conclusions of Law.

"1. The trust which Mrs. Kate F. Morton, deceased, attempted to create by the hospital clause in her will failed because she not only designated no donee of the legal title, and no beneficiaries of the equitable interest, but she indicated no ascertainable individuals or class of persons as the objects of her bounty and gave no directions for making the bequest effectual, or fix any means for doing so; and the bequest is therefore void and a court of equity cannot enforce it.

"2. Mrs. Morton's declarations, by mere reference to her language in the discussions, used to Dr. Cummins, in her lifetime con-

cerning a hospital not in existence, cannot, by parol testimony, be made effective as operative language, in the testamentary disposition of her property.

"3. The bequest of said sum of $50,000.00 as mentioned in the hospital clause of said will, falls into the general residue of the estate of Kate F. Morton, deceased, and passes by the residuary clause of her will, in equal parts, to Alex M. Ferguson and Joe Lee Ferguson, named in said residuary clause as the residuary legatees and devisees of the estate of Mrs. Kate F. Morton, deceased."

■ Able counsel for each litigant have furnished us with most excellent briefs, citing an array of authorities in support of their respective contentions, and exploring the entire field of charitable trusts. Many of these authorities deal with the rules for the construction of wills, and they are full of interest and instruction. It will not be possible to specifically mention these authorities within the proper limits of this opinion. We shall content ourselves with a distinct ruling upon each point presented, giving briefly the reasons which we think warrant our conclusions. In reaching these, we bear in mind that the rules of construction are designed strictly to enable the courts to arrive at the true intention of the testator as shown by the language used in the will.

■ We come, therefore, directly to the question of whether or not Mrs. Morton, in her will, made a bequest to any one of the $50,000 for a hospital or any charitable purpose whatever. We think she did not do so. In this we sustain the trial court in his conclusion that Mrs. Morton in "bequeathing or attempting to bequeath the sum of $50,-000.00 for a hospital did not make a gift of said sum to the City of Haskell or vest a legal title or any equitable interest in and to said sum in any person, natural or artificial, by force of the gift itself." It is obvious that this attempted bequest was made neither to the city of Haskell, Haskell county, nor to any person. That provision of the will, therefore, never became operative. Ingraham v. Sutherland, 89 Ark. 596, 117 S. W. 748; Nolte v. Meyer, 79 Tex. 351, 15 S. W. 276; Meyer v. Holle, 83 Tex. 623, 19 S. W. 154; Norcross' Adm'rs v. Murphy's Ex'rs, 44 N. J. Eq. 522, 14 A. 903. The first authority is in point, and the others in principle support the conclusion announced. In any event, the proposition is elementary.

■ The judgment of the trial court is correct for other reasons. The learned trial court's first conclusion of law is as follows: "The trust which Mrs. Kate F. Morton, deceased, attempted to create by the hospital clause in her will failed because she not only designated no donee of the legal title, and no beneficiaries of the equitable interest, but she indicated no ascertainable individ-uals or class of persons as the object of her bounty and gave no directions for making the bequest effectual, or fix any means for doing so and the bequest is therefore void and a court of equity can not enforce it."

The record warrants this conclusion of the trial court. The testatrix did not clearly and expressly create a trust by the hospital provision of the will. That instrument carries no expressed intention on the part of the testatrix to create a charitable trust in favor of the city, county, or any one else, and we think such intention on the part of the testatrix may not be implied or inferred, since the will granted no powers and imposed no duties upon any one. 40 Cyc. 1748, subd. H. This will, in so far as the hospital clause is concerned, granted no power to any one whereby the purpose of that provision could be effectuated, and it imposed no duties relative thereto upon any one, although the construction of a hospital and the erection and operation of such a trust necessarily involve the exercise of discretion on the part of some agency in the selection of the location of the same, choice and adaptability of plans and specifications, its operation, and permanent maintenance.

■■ A careful study of the hospital provision of the will suggests many uncertainties which, in any event, taken together, present a definite legal obstacle to the enforcement of that provision of the will: (1) That bequest, if any, is made to no one as above indicated; (2) the will appoints no executor; (3) no trustee or trustees are designated and given specified duties for the carrying out of the will; (4) the character of the hospital is not defined; (5) its location is not fixed, and no one is given authority to locate it; (6) no plan or scheme for operating and maintaining the hospital is given; (7) the discretion to determine these matters is given to no one; (8) the proportion of the $50,000 to be expended for site, building, equipment, maintenance, etc., is not specified in the instrument and no one authorized to determine these important and practical matters; (9) no class of persons are named as beneficiaries, although indefiniteness in this respect does not necessarily vitiate or defeat charitable trusts, especially when the testator names a donee or trustee to whom discretionary powers are given.

■ These deficiencies in the will, and relating to the hospital provision thereof, render that provision void. No court of equity has the power to appoint a trustee to take charge and administer this $50,000 as a charitable trust for the erection and maintenance of a hospital in Haskell or elsewhere. It could not lawfully delegate to any one the authority to exercise the discretion necessary to eliminate the foregoing uncertainties and thereby establish and operate a hospital. The testatrix alone could have laid

the foundation for such a scheme or plan, and this she failed to do.

If a court of equity should appoint a trustee and undertake to clothe him with the necessary authority and discretion to carry out the hospital provision of the will, as contended for by the appellants, the practical result would be that the court or the court and trustee would find themselves endeavoring to effectuate the same by mere conjecture on their part as to the testatrix' true intention in the premises. For the court to supply, through a trustee or otherwise, the deficiencies of this provision of the will, would be equivalent to the court's making a last will and testament in that respect for the deceased. Courts have no more authority to make wills for deceased persons than they have to make contracts for those living.

If it could be conceived that the testatrix did anything more than attempt to make a bequest for a hospital, then no better rule applicable to such a case can be found than the following taken from 5 R. C. L. 340, par. 71: "If a trustee is appointed by the testator and the will shows that the object of the devise, though expressed in general terms, is for a charitable use, the trust will be declared valid. In such a case, the duty devolves upon the trustee of devising a scheme for carrying the trust into effect. And it is now established in the most satisfactory and conclusive manner, that cases of charities, where there were trustees appointed for general and indefinite charities as well as for specific charities, were familiarly known to, and acted upon, and enforced in the court of chancery prior to the statute of uses. But if a trustee is not appointed by the testator, and the will does not declare the manner in which the devise is to be made effectual, equity will not administer the trust. The reason a trustee is allowed to enforce a trust, the object of which is expressed only in general terms, is that in exercising his discretion he carries out the intention of the testator. But when there is no trustee appointed to exercise this discretion in devising a scheme for the execution of the trust, the court of equity can look alone to the will, and, if it does not show the intention of the testator, parol testimony is inadmissible, and the trust must fail. (Grimes' Ex'rs v. Harmon, 35 Ind. 198, 9 Am. Rep. 690; Howe v. Wilson, 91 Mo. 45, 3 S. W. 390, 60 Am. Rep. 226; White v. Attorney General, 39 N. C. 19, 44 Am. Dec. 92; Dye v. Beaver Creek Church, 48 S. C. 444, 26 S. E. 717, 59 Am. St. Rep. 724. Notes —44 Am. Dec. 98; 5 Eng. Rul. Cas. 573.) Hence where a charity does not fix itself on a particular object, but is general and indefinite, and no plan or scheme is prescribed, and no discretion is given in the will to select the beneficiaries, it does not admit of judicial administration and must fail. Fairfield v. Lawson, 50 Conn. 501, 47 Am. Rep. 669; Grimes' Ex'rs v. Harmon, 35 Ind. 198, 9 Am. Rep. 690; Heiskell v. Chicasha [Chickasaw] Lodge, 87 Tenn. 668, 11 S. W. 825, 4 L. R. A. 699. Note—14 L. R. A. (N. S.) 75.

There are many authorities applying the above rule to facts analogous to those in the instant case, and, while no Texas case on the point and arising under like circumstances, has been called to our attention, and we have found none, nevertheless the logic of the opinions of the courts of this state is in line with the authorities generally and warrants the conclusions herein reached. We cite the following additional authorities: Bell County v. Alexander, 22 Tex. 350, 73 Am. Dec. 268; Nolte v. Meyer, 79 Tex. 351, 15 S. W. 276; Inglish v. Johnson, 42 Tex. Civ. App. 118, 95 S. W. 558; Jones' Unknown Heirs v. Dorchester (Tex. Civ. App.) 224 S. W. 596; Ingraham v. Sutherland, 89 Ark. 596, 117 S. W. 748; Robbins v. Boulder County Com'rs, 50 Colo. 610, 115 P. 526; Dodge v. Pond (1861) 23 N. Y. 69; Bascom v. Albertson, 34 N. Y. 584; Hoffen's Estate, 70 Wis. 522, 36 N. W. 407; Harrington v. Pier, 105 Wis. 485, 82 N. W. 345, 50 L. R. A. 307, 76 Am. St. Rep. 924; Moran v. Moran, 104 Iowa, 216, 73 N. W. 617, 39 L. R. A. 204, 65 Am. St. Rep. 443; Booe v. Vinson, 104 Ark. 439, 149 S. W. 524; Norcross' Adm'rs v. Murphy's Ex'rs, 44 N. J. Eq. 522, 14 A. 903; Heiskell v. Chickasaw Lodge, supra; 14 R. L. A. (N. S.) 75.

Since the $50,000 involved in the attempted bequest for a hospital fails as an invalid bequest, that sum falls under the residuary clause of the will which disposes of the same to Alex M. Ferguson and Joe Lee Ferguson, brothers of the testatrix. Lightfoot v. Poindexter (Tex. Civ. App.) 199 S. W. 1152. The will considered in all of its parts evidences no intention on the part of the testatrix to exclude the invalid bequest from the residuum. The intention appears to be to the contrary, in that the testatrix manifested an intention to dispose of her entire estate. Bittner v. Bittner (Tex. Com. App.) 45 S.W.(2d) 148, 149; Ellet v. McCord (Tex. Civ. App.) 41 S.W.(2d) 110.

The trial court found that during her lifetime Mrs. Morton discussed with Dr. D. L. Cummins plans for establishing a hospital in Haskell for the use and benefit of the people of Haskell and Haskell county, but that she said nothing as to how it was to be operated after her death. The court, in his conclusions of law, found that these declarations concerning a hospital (not in existence) could not by such parol testimony be made effective as operative language in the testamentary disposition of her property. There was no error in disregarding this testimony offered for that purpose.

Heidenheimer v. Bauman, 84 Tex. 174, 19 S. W. 382, 31 Am. St. Rep. 29; Cleveland v. Cleveland, 89 Tex. 445, 35 S. W. 145; article 8283, R. S. 1925; Smith v. Smith, 54 N. J. Eq. 1, 32 A. 1069.

For reasons given, the appellants' points are overruled. The appellants' brief shows wide research and diligence in presenting their various contentions to this court. After careful consideration, we have reached the conclusion that the peculiar facts of this case, as above pointed out, render the authorities relied on by the appellants inapplicable and require the disposition of the appeal adverse to their contentions so forcefully presented.

For the reasons assigned, the judgment of the trial court is in all things affirmed.