### H. C. MEYER ET AL. V. WILLIAM HOLLE ET AL.

#### No. 3259.

1. **Trust Declared Void—Title Reverts.**—In Nolte v. Meyer, 79 Texas, 355, it was held that the deed discussed in the opinion was void for uncertainty in the beneficiaries or trustees. The effect of this decree was to declare the title to the land to remain in the heirs of the grantor who had died, and all title in Meyer et al. as beneficiaries or trustees under the original deed was divested or concluded.

2. **Trust—Evidence Insufficient.**—Plaintiffs claimed that a trust existed in the land which had been conveyed in fee by heirs of Bush (original grantor) for the purpose of carrying out the intent of their father in the original deed. They further claimed that they and others had paid the purchase money, etc., from which followed equitable ownership of the land, the trust being recognized. The evidence did not show when the payment of purchase money was made nor by whom any particular amount thereof was paid. *Held,* that the evidence failed to show any definite interest by plaintiffs in the land, and judgment against them was properly rendered.

APPEAL from Washington. Tried below before Hon. BEAUREGARD BRYAN.

The opinion states the case.

*Searcy & Garrett,* for appellants.—1. Bush having conveyed the land for school purposes only, it was a gift or grant for a charitable use. If the general intention of the grantor and the particular charity is discernible, the grant must be construed liberally to support the charity if possible; and being a charitable object, a far less definite declaration will suffice. The conveyance being for school purposes only—a particular charity— his intention as gathered from his deed will prevail; and the Lutheran Church could not lawfully claim it, nor could the trustees or any one else divert its use from the original purpose; neither could they incumber the property for any other than school purposes. Pierce v. Weaver, 65 Texas, 47; Carlton v. Roberts, 1 Posey's U. C., 587; Perry on Trusts, secs. 687, 700, 709, 722, 733, 744; Ould v. Washington, 95 U. S., 313; Russell v. Allen, 107 U. S., 163.

2. The object of Bush's deed was to create a trust for a particular charitable use; and his heirs and personal representatives had no such beneficial interest in the land conveyed that would revert to them from

a failure of the trust after so long a trust use and lapse of time. Carlton v. Roberts, 1 Posey's U. C., 587; Pierce v. Weaver, 65 Texas, 47; Bell County v. Alexander, 22 Texas, 350; Paschal v. Acklin, 27 Texas, 173; Perry on Trusts, sec. 744; Russell v. Allen, 107 U. S., 163, and authorities cited; Bailey v. Killum, 43 Am. Dec., 423; Barlett v. Neye, 4 Md., 378.

3.   These plaintiffs were parties to the original transaction with Bush that gave rise to and completed the purchase of the property. They were original parties to the purchase and to the note signed by Lehde in their behalf, which completed the sale and passed the title and beneficial interests from Bush to plaintiffs, and they paid the original purchase money.   There was no new agreement or transaction and no intervening third party; and being parties to the original transaction that fixed their rights, there was a resulting trust in their favor, and especially as to the one acre donated by Bush as a gift.   Oury v. Saunders, 77 Texas, 278; Lacey v. Clements, 36 Texas, 661; Long v. Steiger, 8 Texas, 460; Botsford v. Burr, 2 Johns. Ch., 404.

*Campbell & Pennington*, for appellees.—1. If plaintiffs held in trust for any one, they held in trust for the heirs of W. T. Bush. Nolte v. Meyer, 79 Texas, 351; Story Eq., secs. 979a, 1156, 1183, 1196; Perry on Trusts, sec. 863.

2.   The original Bush deed having been once declared void by the Supreme Court, must be so declared by the District Court. Nolte v. Meyer, 79 Texas, 351; Frankland v. Cassaday, 62 Texas, 418; Burke v. Mathews, 37 Texas, 74; Chambers v. Hodges, 3 Texas, 517.

3.   Plaintiffs had no legal or equitable title to the land. Nolte v. Meyer, 79 Texas, 351; Story Eq., sec. 979a; Perry on Trusts, secs. 159, 160.

4.   The lower court could not grant the prayer of plaintiffs for construction of the deed, for declaring a trust, for appointing trustees, or for perpetuating the injunction; all of which is res adjudicata under decision of this court.   Nolte v. Meyer, 79 Texas, 351.

5.   There was no resulting trust in favor of plaintiffs, as no money was paid at the time of the purchase of the land, and neither of plaintiffs knew how much he contributed to the payment of the note.   Oury v. Saunders, 77 Texas, 278; Lacy v. Clements, 36 Texas, 661; Perry on Trusts, sec. 133; 4 Kent's Com., 8 ed., pp. 318, 319.

FISHER, JUDGE, *Section B.*—This suit was instituted by appellants H. C. Meyer and William Bode, for themselves and in behalf of other citizens of the Harrisburg community, in Washington County, against appellees.   The petition in substance alleges, that the plaintiffs are claiming to own three acres of land conveyed to them by W. T. Bush by deed dated February 21, 1868.   The object and purpose of said conveyance was to create a charitable trust for the establishment of a per-

manent school in the Harrisburg community for the use and benefit of citizens of German descent and the public generally; that the plaintiffs were at said time citizens of said community, and donated the moneyed consideration stated in said deed in aid to creating said trust; that immediately upon the creation of the trust the appellants with other citizens of said community selected trustees, who took possession of said three acres, and have for twenty years past used and occupied said three acres in trust, paying taxes thereon; that plaintiffs and three others are the only beneficiaries now living who lived in the community when said trust was created; that plaintiffs fenced the land and erected a school house thereon, and that without interfering with the school, part of the land was used for a graveyard, and that in the intent to carry out the wishes of the grantor, plaintiffs have made permanent and valuable improvements on the land. The petition further avers, that about one year before the filing of this suit a dispute arose concerning the ownership of the land conveyed by the Bush deed, of date February 21, 1868, and by a judgment of the court the deed was declared void for uncertainty. Thereupon the defendants by fraudulent representations induced the Bush heirs to execute to them a deed for the land absolute on its face; that the heirs received no consideration for the execution of said deed and asked none, their purpose and intention being to ratify and make good the title in the trustees as intended by their father in the deed of February 21, 1868, and intended the deed as creating a trust for the same purpose and same parties as stated in the original deed. The petition alleges, that the defendants forcibly entered upon and ejected plaintiffs from said land, and are about destroying the fence and school house erected on said land, and to mutilate the graves on said land, and are about to sell and alienate said land and divert it from the trust, etc. Petition prays for injunction, and that the deed from the Bush heirs be construed in connection with the deed of their father, executed February 21, 1868; that it be declared a charitable trust for the purposes stated; that the plaintiffs be allowed to proceed with the execution of said trust, and that the court appoint trustees to carry on said trust.

The appellees answered by general demurrer and general denial. Also further answered, that the land was, in 1871, by the beneficiaries in the trust turned over and delivered to the Zionville Evangelical Lutheran Church, to be used and occupied by the church community as they may see proper. One of the purposes was for a graveyard for the burial of the dead of said community; and it was understood that a school should be conducted in the church; that they, after the deed of February 21, 1868, was declared void, procured from the heirs of Bush a deed to the land, with the understanding that the land should be used partly for a graveyard and partly for church and school purposes; that at the time this suit was brought, in pursuance of said under-

standing they were preparing to execute deeds to the trustees of the church and graveyard portion of said lands, and to trustees of the part set aside for school purposes.   Defendants also offered to execute said deeds, and pleaded that the former suit in which the deed was declared void was res adjudicata.

Judgment was rendered in favor of defendants generally, and also dissolving the injunction.

It is contended by appellants, that although the deed of date February 21, 1868, was declared void for uncertainty, yet the execution of the subsequent deed by the Bush heirs to appellants, coupled with the trust that the property should be used for the purpose of carrying out the intention of their ancestor, as stated in the deed of February 21, 1868, had the effect to revive the charitable trust and give it vitality; and the facts showing that the appellants had paid to Bush the consideration mentioned in said deed of February 21, 1868, they thereby became donors to said trust; and upon the trust failing by reason of the deed being declared void, the title was lodged in them in trust for the benefit of said charity.

Although other questions are presented, we regard this as the controlling one in the case.   In the case of Nolte v. Meyer, 79 Texas, 355, the deed executed by W. T. Bush, February 21, 1868, was declared void and that the title to the land remained in the grantor.  The grounds upon which the court rested its opinion were, that the trust attempted to be created by said deed was too indefinite and uncertain to be sustained or administered; that the beneficiaries of the trust and the direction with reference to appointment of trustees is left in uncertainty by the terms of the instrument.   The effect of this decision was to kill the trust and render the pretended title void, leaving the title lodged in the donors who contributed to the creation of the pretended trust. After this title was so declared void, the appellees procured from the heirs of Bush (who was then dead) a deed absolute in form, conveying to them the land in controversy.   The evidence coming from the heirs and also from the appellees shows, that the land was conveyed to the appellees in trust for the purpose of carrying out what the heirs supposed to be the intention of their father in executing the deed of February 21, 1868.   They declare that their purpose in making the conveyance was to provide the community with school grounds and house and church and graveyard.   The evidence further shows, that at the time this suit was filed the appellees were endeavoring to execute the trust by carrying into effect the wishes and intention of the heirs of Bush, as expressed by them; that these acts tended to the accomplishment of this purpose and were in nowise hostile thereto.   Whatever rights the appellants may have had as trustees of the trust created by the deed of February 21, 1868, and as the beneficiaries named in said deed, were lost when the deed was declared void.   The land described in the deed was, by

virtue of the decree holding it void, freed from any pretended claim or title the appellants may have had to it as such trustees or beneficiaries. It then became the property of the heirs of Bush, he being dead, or the property of those, if any, that had contributed to the purchase of the land. The deed of February 21, 1868, recites, "For and in consideration of the interest I take in the promotion of education, and the further consideration of the sum of $30 specie, the payment of which is secured by a promissory note * * * signed by William Lehde in behalf of the trustees yet to be appointed, do grant, bargain, sell, and convey a certain tract of land to the aforesaid German citizens; * * * said lot of land conveyed for school purposes." The deed then proceeds to describe the land. The appellants on the trial of this case sought to show that they had a beneficial interest in the land, by reason of the introduction of evidence which they claim establishes the fact that they paid or contributed the $30 mentioned in the deed, to the payment of two acres of the three conveyed by said deed; that one acre thereof was given or donated by Bush, the grantor in the deed, and the other two acres were paid for by appellants at $15 per acre. Upon this branch of the case the evidence shows, that there was no cash consideration paid to Bush when the deed was executed, but that the note mentioned in the deed was paid sometime after by William Lehde, who is not a party to this suit; that it was understood that the $30 was to be paid by the citizens of the community; that the appellants with other citizens of the community did contribute and pay the amount paid by Lehde for said land. The evidence does not show when the payments were made by appellants and other members of the community, or how much each paid; these facts do not create in favor of appellants a resulting trust in these lands; nor do they establish a right by reason of the fact that as they advanced the purchase money for said lands and paid for the same that they hold the equitable title, and that a court of equity should enforce against the heirs of Bush specific performance, and decree title in appellants. In order for the appellants to create a title that would overcome that conveyed to the appellees by the deed of the Bush heirs, it devolved on them to prove their equities by clear and satisfactory evidence. This suit is brought by H. C. Meyer and William Bode, who act for themselves, and also pretend to represent the citizens of the Harrisburg community. The evidence does not show what amount, if any, Meyer or Bode or any other citizen of the community paid toward the purchase of said lands; nor when such amount, if any, was paid. If they insist that they have an interest in this property by reason of any payment made by them that went toward its purchase, they must show what amount they paid before it can be determined what their interest is. The evidence on this point does not meet the requirements of the law in reference to certainty in cases of this

character.    The evidence fails to show such interest or rights in appellants that would entitle them to any relief.

We conclude that the case should be affirmed, and so report it.

*Affirmed.*

Adopted March 8, 1892.

JUDGE GARRETT did not sit in this case.