## In Equity.

### FANNIE B. CHILDS et als.,

*vs.*

### BYRON C. WAITE, Administrator with will annexed, et als.

### Oxford.    Opinion April 18, 1907.

*Wills. Trust. Same not to fail, when. School District cannot act as trustee. Trustee can be appointed, when.*

It is a well established general rule of law that a trust shall not fail for want of a trustee.

Trusts conferring discretionary powers are not to be defeated because the trustee fails to exercise the discretion imposed upon him, either from his inability, legal disability or refusal to act.

A testator by the fourth item of his will provided as follows: " I give bequeath and devise all the rest, residue and remainder of my estate, real personal and mixed, wherever found and however situated unto School District No. 3 in the town of Canton, known as the Canton Point District, the same to be used and appropriated for the purpose of building a Uni-

versalist Church at Canton Point between my residence and that of Gran-
ville Child at Canton Point, (so called) in said School District, the balance
if any remains after building such a church is to be used in supporting and
maintaining preaching in the same, as said School District may designate
by a majority vote, said district to use as much money in building the
church as a majority of the same may desire." *Held:* (1) that while it
was intended by the testator that the school district should act as trustee
in executing this provision of his will, yet the school district was legally
incompetent to act as such trustee; (2) that the school district did not
succeed to the title of the trust fund; (3) that a trustee can be appointed
to execute this provision of the will.

In equity. On report. Remanded to Probate Court for appoint-
ment of a trustee.

Bill in equity in which the plaintiffs, heirs at law of Albion E.
Bradbury, late of Canton, deceased testate, asked for a judicial
construction of the fourth item of the last will and testament of
said deceased. This will was duly proved and allowed by the
Probate Court, Oxford County, and the executor therein named
declining to serve, Byron C. Waite, one of the defendants, was duly
appointed and qualified as administrator with the will annexed.

The fourth item of said will reads as follows :

"Fourth: — I give, bequeath and devise all the rest, residue and
remainder of my estate, real, personal and mixed, wherever found
and however situated unto School District No. 3 in the town of
Canton, known as the Canton Point District, the same to be used
and appropriated for the purpose of building a Universalist Church
at Canton Point between my residence and that of Granville Child
at Canton Point, (so called) in said School District, the balance if
any remains after building such a church is to be used in supporting
and maintaining preaching in the same, as said school district may
designate by a majority vote, said district to use as much money in
building the church as a majority of the same may desire."

After the hearing before the Justice of the first instance, it was
agreed that the case should be reported to the Law Court for
determination.

The case appears in the opinion.

*John P. Swasey,* for plaintiffs.

*James S. Wright and Alton C. Wheeler,* for defendants.

SITTING: WISWELL, C. J., EMERY, WHITEHOUSE, SAVAGE, PEABODY, SPEAR, JJ.

SPEAR, J. This is a bill in equity in which the plaintiffs seek judicial construction of the residuary clause of the will of Albion E. Bradbury, late of Canton, in the County of Oxford. The plaintiffs who are the heirs at law, set forth all the necessary jurisdictional facts to enable them to sustain the bill.

Bryon C. Waite, Administrator with the will annexed, and the other defendants in their answer, admit all the allegations of fact in the plaintiffs' bill and join in the prayer of the plaintiffs for the construction of the will as prayed for in the bill.

Mr. Bradbury after making several bequests, disposed of the residue of his property in the fourth item of his will, as follows: "I give, bequeath and devise all the rest, residue and remainder of my estate, real, personal and mixed, wherever found and however situated unto School District No. 3 in the town of Canton, known as the Canton Point District, the same to be used and appropriated for the purpose of building a Universalist Church at Canton Point between my residence and that of Granville Child at Canton Point, (so-called) in said School District, the balance if any remains after building such a church is to be used in supporting and maintaining preaching in the same, as said School District may designate by a majority vote, said district to use as much money in building the church as a majority of the same may desire."

By this clause of his will, Mr. Bradbury clearly intended to devote a portion of his estate to charitable purposes. At the time he made his will, School District No. 3, in the town of Canton, was a legally organized body for the performance of certain specific duties prescribed by the statute. Its powers were limited. If it had remained in existence until the present time, it could not legally have assumed the duties of trustee under the will. The law creating the district did not confer this power. Unfortunately, therefore, Mr. Bradbury appointed a trustee incompetent to act; hence it becomes immaterial to the decision of this case whether the School District had continued its legal existence or was abolished by law, the School District as such

having no authority to act in the capacity of a trustee for the building of the church.

It therefore follows that unless a trustee can be appointed, the charitable trust sought to be created by Mr. Bradbury must fail for want of a competent trustee. It is also clear that the School District did not succeed to the title of the trust fund. While it was undoubtedly intended by Mr. Bradbury that the district should act as his trustee or agent in executing this provision of his will, yet the purposes of the gift and the beneficiaries under it, remain precisely the same as if the trustee appointed had possessed legal authority for the performance of the trust. Moreover, so far as the execution of the trust is concerned, every feature of it can be legally carried into effect as well by any other trustee as by the School District itself if legally capable of acting.

Shall this trust fail because the trustee appointed could not legally act? The general rule is well established that a trust shall not fail for want of a trustee. It is claimed, however, by the plaintiffs that this case is fully settled by the rule laid down in *Brooks* v. *Belfast*, 90 Maine, 318; but that case does not apply. In that case the School District "was at once the beneficiary and the trustee," and not only the trustee but the beneficiary had gone out of existence. Not so in the case at bar. The beneficiary, notwithstanding the disability of the trustee appointed, or the abolition of the district, still exists.

The trust fund was for the charitable purpose of building a Universalist Church at Canton Point, upon a specific location in the School District named. No special duty was imposed upon the trustee, except the determination of the amount to be used in the construction of the church, which was to be done by a majority vote. But this clause of the will invested the district, only with the exercise of a discretion with respect to the amount to be so used. They had a right to use all or they might have retained a part for the support of preaching. Whatever they might have chosen to do in this regard was the mere exercise of a discretionary power.

But trusts conferring discretionary powers are not to be defeated because the trustee fails to exercise the discretion imposed upon him,

either from his inability, legal disability or refusal to act. For a recent discussion of this rule we refer to *Cutter* v. *Burroughs*, 100 Maine, 379. The will of the testator should be carried into effect if possible. Under the rules of law governing this case it can be done. We think the well established principles that a trust shall not fail for want of a trustee, or from the inability, failure or refusal of a trustee to exercise a discretionary power, fully apply.

The only question now before the court is whether a trustee can be appointed. The entry therefore must be,

> *Bill sustained with costs to both parties to be paid from the estate. Case remanded to the Probate Court for the appointment of a trustee under clause four of the will.*