(No. 14956.—Reversed and remanded.)

CHARLES WITTMEIER, Appellant, *vs.* GUS HEILIGENSTEIN *et al.* Appellees.

*Opinion filed June 20, 1923.*

1. DEEDS—*unincorporated religious society cannot take by deed.* An unincorporated religious society is incapable, in law, of taking by deed, and a deed to such a society is void. (*Heiligenstein* v. *Schlotterbeck,* 300 Ill. 206, followed.)

2. TRUSTS—*no particular words are necessary to create a trust.* No particular form of words is necessary to create a trust, but any expression which shows unequivocally the intention to create a trust will have that effect.

3. SAME—*incapacity of trustee will not invalidate deed of trust.* The inability of the trustee to take will not invalidate a deed of trust where the settlor and the *cestui que trust* are both competent and the property is such that it can be legally placed in trust.

4. SAME—*when a deed void for want of grantee is sufficient to create trust.* A deed to an unincorporated religious society is void for want of a grantee, but where it provides for the payment by the grantee of an annuity to the grantor's husband for his life the want of a grantee capable of taking the deed will not invalidate the trust, and after the grantor's death her heirs will take the property impressed with the trust in favor of the husband.

APPEAL from the Circuit Court of Effingham county; the Hon. WILLIAM B. WRIGHT, Judge, presiding.

G. F. TAYLOR, and WALTER C. KLITZING, for appellant.

W. S. HOLMES, JACOB ZIMMERMAN, and GEORGE H. BAUER, for appellees.

Mr. JUSTICE CARTER delivered the opinion of the court:

Certain issues in this case were decided in *Heiligenstein v. Schlotterbeck,* 300 Ill. 206. The issue here relates to rights claimed to arise under an invalid deed executed by Josephine Wittmeier to the St. Clare's Roman Catholic Church of Altamont, seeking to convey to that church a 60-acre farm and part of two lots in Altamont. The deed was for the consideration of one dollar, and contained a provision that the church "shall pay to Charles Wittmeier the sum of $50 per month, beginning one month after my death, for and during his life, and shall pay the doctor's and hospital bill, if any, and upon his death provide him with a Christian burial and pay his funeral expenses and inter his body on the lot owned by me in the cemetery at Altamont, Illinois." Wittmeier was married to Josephine in 1880, but they separated in 1895 and she subsequently obtained a divorce.

We have already held in *Heiligenstein v. Schlotterbeck, supra,* that the deed made to the St. Clare's Roman Catholic Church of Altamont is void because an unincorporated religious society is incapable, in law, of taking by deed, and if the church is unincorporated the deed is in violation of the statute. In that case we said as to the rights of Charles Wittmeier (p. 213) : "Charles Wittmeier contends that the fact that the deed is void for want of a grantee does not defeat his rights under the instrument, and that the lands descended to the grantor's heirs, impressed with the trust declared in the instrument in his favor. He has not filed a cross-bill, and no affirmative relief can be granted him in the present state of the record. On remandment he may amend his answer and file a cross-bill asking for

such relief, if so advised. What we have said is not to be considered as in any way passing upon the soundness of his claims." Upon further proceedings in the trial court Wittmeier amended his answer and filed an amended cross-bill, setting out that the deed to the St. Clare's Church constitutes a trust in his favor, impressed upon the property descending to Josephine's heirs. The cross-bill further alleges that the property had been largely acquired through the efforts of Wittmeier, and that his former wife out of sympathy and affection desired to make provision for his support in old age. By decree of the circuit court the amended cross-bill was dismissed for want of equity, the deed to the St. Clare's Roman Catholic Church was ordered canceled and partition of the property among the heirs was ordered. From that decree Charles Wittmeier has appealed to this court.

The single issue here involved is whether the deed to the St. Clare's Church, void for want of a lawful grantee, can have the effect of impressing a trust upon the property in favor of Charles Wittmeier. Although void as a deed, does the instrument create a valid trust? Had the church been competent to take the property, words were used adequate to establish his rights. Does the incapacity of the church to take the property destroy the rights sought to be created in favor of Wittmeier? It is held by the standard works on trusts that no particular form of words to create a trust need be used in the instrument; that the word "trust" need not be used. It is a rule of equitable construction that there is no magic in particular words. Any expression which shows unequivocally the intention to create a trust will have that effect. (1 Perry on Trusts,—5th ed.— sec. 82; Hill on Trustees, 65; 2 Spence on Eq. Jur. 52.) "Any agreement or contract in writing made by a person having the power of disposal over property, whereby such person agrees or directs that a particular parcel of property or a certain fund shall be held or dealt with in a particu-

lar manner for the benefit of another, in a court of equity raises a trust in favor of such other person against the person making such agreement, or any other person claiming under him voluntarily or with notice." (1 Perry on Trusts,—5th ed.—sec. 82.) "Nor does the rule that a conveyance without a grantee capable of receiving the grant is void apply to equitable rights growing out of such a conveyance." (18 Corpus Juris, sec. 36.) The inability of the trustee to take will not invalidate a deed where the settlor and the *cestui que trust* are both competent and the property is of such a nature that it can be legally placed in trust. 1 Perry on Trusts, sec. 240; *Willis* v. *Alvey,* 30 Tex. Civ. App. 96; *Smith* v. *Davis,* 90 Cal. 25.

Clearly, Josephine Wittmeier did everything necessary under the law to create a trust in favor of Charles Wittmeier except to choose a competent grantee. The deed was executed by the grantor with the intention to part with the title, subject to provision made for Charles. There were words sufficient to accomplish her purpose. There was a beneficiary capable of taking but no lawful grantee. The void deed did not transfer title to the property from Josephine, and title remained in her, notwithstanding the deed, from the date of its execution, August 21, 1919, until the date of her death, August 25, 1919. If the void deed impresses a trust upon the property in the hands of her heirs it must have had the effect to impress a trust from the date of its execution. It is true, as often said, that equity does not allow a trust to fail for want of a lawful grantee; and this statement applies even though the grantor fails in one of her purposes,—that of devoting the property to religious uses.

Somewhat related to the issue here involved was that in *Childs* v. *Waite,* 102 Me. 451, which involved a will leaving certain property to a school district for the purpose of building and supporting a church. The school district had no legal power to act and it was held not to succeed

to the title of the trust fund, but the court ordered the appointment of a trustee. In that case, however, the property was to be devoted to a single purpose, and the preservation of the trust completely carried out that purpose. While this is not exactly the situation here, the principle involved in that case is identical with the one involved here.

A similar issue presented itself in the case of *Vidal* v. *Mayor of Philadelphia,* 2 How. 127. In that case it was urged that a trust created by the will of Stephen Girard failed because of the incompetency of the city to execute the trust. The United States Supreme Court, through Mr. Justice Story, said (p. 188) : "It is true that if the trust be repugnant to or inconsistent with the proper purposes for which the corporation was created, that may furnish a ground why it may not be compellable to execute it. But that will furnish no ground to declare the trust itself void if otherwise unexceptionable, but it will simply require a new trustee to be substituted by the proper court, possessing equity jurisdiction to enforce and perfect the objects of the trust. This will be sufficiently obvious upon an examination of the authorities, but a single case may suffice. In *Sonley* v. *Clockmakers' Co.* 1 Bro. Ch. 81, there was a devise of freehold estate to the testator's wife for life with remainder to his brother C in tail male, with remainder to the Clockmakers' Company in trust to sell for the benefit of the testator's nephews and nieces. The devise being to a corporation was by the English Statute of Wills void, that statute prohibiting devises to corporations, and the question was whether, the devise being so void, the heir-at-law took beneficially or subject to the trust. Mr. Baron Eyre in his judgment said that although the devise to the corporation be void at law, yet the trust is sufficiently created to fasten itself upon any estate the law may raise. This is the ground upon which the courts of equity have decreed in cases where no trustee is named." In the *Clockmakers' Co. case,* again,

there was a single purpose of the trust, fully accomplished by the decision of the court.

In the present case the purpose of the grantor is clearly manifested and the trust in favor of Charles Wittmeier clearly created. The trust is fully and finally declared in the instrument creating it. With a competent grantee of the deed no further act was necessary to give it effect. (*Massey* v. *Huntington*, 118 Ill. 80.) Viewing the trust as we think it should be properly held here, we do not discuss the issue of the consideration of the trust. The grantor intended the deed to establish a trust in favor of Wittmeier. Although the deed did not, in fact, transfer title from her, we think it sufficient to impress the trust upon the property in the hands of the grantor and of the heirs to whom it descended. We are of the opinion that the incapacity of the church to take the property does not defeat the purpose of the grantor, and that the heirs take the property impressed with a trust in favor of Wittmeier. The fact that the grantor had two purposes in mind, one of which must fail, is no reason why the other should fail when it is expressed with sufficient definiteness and can be legally carried out.

It is suggested it would be possible to take the view that Josephine Wittmeier, while making her purpose clear, did not make it effective because of the incompetent grantee, and that therefore the property descends to her heirs free from all obligations sought to be impressed upon it in favor of Charles Wittmeier, as in *Meyer* v. *Holle*, 83 Tex. 623; but such a conclusion, in our judgment, by weight of authority, is not required and would unreasonably and unnecessarily defeat the purpose of the grantor.

The decree is reversed and the cause remanded to the circuit court of Effingham county for further proceedings in harmony with the views herein expressed.

*Reversed and remanded.*