**Della Portia CLARK et vir, Appellants,**

v.

**Frank K. WISDOM, Trustee and Individually, et al., Appellees.**

No. 191.

Court of Civil Appeals of Texas.

Corpus Christi.

April 28, 1966.

Rehearing Denied May 26, 1966.

Gary Gurwitz and Edward C. Mainz, Jr., of Atlas, Freeland, Schwarz & Gurwitz, Mc-Allen, for appellants.

Vinson, Elkins, Weems & Searls, by Thomas Fletcher, Houston, for appellees.

## OPINION

GREEN, Chief Justice.

This controversy involves title to and ownership of 37.2 acres of land, more or less, situated in Hidalgo County, Texas, and for the most part centers around the construction and effect to be given a deed

dated February 8, 1939, executed by appellants. The deed reads as follows:

"That we, Della Portia Clark, also known as Della P. Clark, and as D. P. Clark; and Prather A. Clark, her husband, also known as P. A. Clark, for a valuable consideration in hand paid by P. W. Wisdom, subject always to the life estate hereinafter created, do hereby sell and convey to the said P. W. Wisdom the following described Real Estate situated in Hidalgo County, Texas, to wit:

All of Block Twenty-nine (29), in Hall Fifield, Subdivision of the El Gato Tract in said County and State. in trust for the use and benefit of the following named persons, and none others, to-wit Wade Wisdom Clark, Della Portia Clark, Franklin Dale Wisdom, William Russell Wisdom, King Huey Wisdom, Mary Josephine Maxwell, Margaret Jane Maxwell, Donald Wisdom son of D. F. *Widom*, Frank King Wisdom, Calvert Wisdom, Anita Florence Wisdom, Barbara Eldora Wisdom, Durward W. Price, Jr., George Mack Price, Mary Pauline Wisdom, Leo Thomas Wisdom, and Franklin John Wisdom, and Mary Elizabeth Price; and power is hereby conveyed on said P. W. Wisdom as trustee, subject always to the aforesaid limitation to hold, possess, and preserve said property for the benefit of said persons heretofore named as Cestui Que Trusts. He also has authority regardless of said life estate to *l*ease said premises for the production of oil, gas and minerals, and for such terms as in his judgment seem expedient, but he shall not have authority to rent for crops until the terms of said life estate be terminated, and thereafter he may do so. It is intended that each of the parties above named shall have, after the termination of Life estate hereinafter mentioned, a ⅟₁₇th interest, excepting that Durward W. Price, Jr., and George Mack Price shall receive a ⅟₁₇th interest between the two of them, share and share alike from any agricultural income raised therefrom or other income.

As a prior and dominant estate, we hereby for a valuable consideration sell and convey to Frank Wisdom a life estate in said premises; however with this limitation, said life estate shall not be transferable by him or from him, nor can he establish a lien thereon either directly or indirectly, and no person, creditor or otherwise, can subject *the* the interest of the said life estate to the payment of any obligation heretofore or hereafter created by Frank Wisdom, and any attempt *to* to establish said *lein* or subject land to any claim against the said Frank Wisdom shall ipso facto work a forfeiture of any right Frank Wisdom has or could have in the said premises, and the title hereto conveyed to him shall pass to said Trustee. This conveyance is made upon this consideration: It shall be the duty of said Frank Wisdom during his life, to pay the taxes, flat water rate, and any other taxes, or the tax *leins* against said premises which are now *leins* or which may hereafter become *leins*. To enable him to do so subject to the right of the Trustee to lease for oil, gas, or other minerals, he shall have the exclusive possession of said premises and the benefits of such occupancy, and the right to rent the same and collect the rents and apply the same to the payment of said taxes, flat water rates, and other present *leins*.

If the said Frank Wisdom shall deem it profitable or expedient he may make such improvements on said premises as he may elect, so as to enhance the value of it, or enhance its occupancy, or enhance the valuable for rental purposes thereof. He shall also have the right to remove such improvements during his lifetime; and after his death his vendee, assignee, or administrator shall have the same right.

SIGNED and ACKNOWLEDGED this 8th day of February, A.D. 1939.

Della Portia Clark

Prather A. Clark"

All of the parties to this suit are non-residents of Texas. Della Portia Clark was the daughter and P. W. Wisdom the son of Frank Wisdom named as the life tenant in the 1939 deed, and all of the others named in the deed as beneficiaries or remaindermen were Frank Wisdom's grandchildren except Durward W. Price, Jr. and George Mack Price, who were his great grandchildren.

What, if anything, P. W. Wisdom, named as "trustee" in the 1939 deed did concerning the land after the death of Frank Wisdom, the life tenant, in 1940 is not disclosed in the record. He did not use the authority given him to execute a mineral lease. In September, 1950, he executed two instruments to appellee Frank K. Wisdom, one of the beneficiaries named in the 1939 deed, purporting to convey the land to him in trust for the same beneficiaries, and to authorize him to do anything that grantor P. W. Wisdom had power to do in connection with the property, including the power to rent or lease the land for agricultural purposes, to lease same for oil, gas, and minerals, and to collect the rents, issues and profits therefrom, and from such proceeds pay any necessary taxes and expenses. At this time, P. W. Wisdom delivered to Frank K. Wisdom the sum of $451.85, as proceeds from income off the land up to then.

Frank K. Wisdom testified that he took over the management of the property, leased the land annually for farming purposes, and made regular reports to all of the persons interested in the land. On April 30, 1951, Frank K. Wisdom, as "Trustee" executed an oil, gas and mineral lease of this land to Defendant Union Producing Company, receiving a bonus of $372.00, reporting such fact to all parties interested. A reply from appellant Della Clark congratulated him on such action, and expressed complete satisfaction therewith.

Union, acting under the provisions of the lease, executed a designation creating a unit of 674.81 acres including this 37.2 acres, and completed a producing gas well on another tract in the unit in 1956. Frank K., acting under advice of Union, sent forms to all of the "remaindermen" mentioned in the 1939 deed, requesting them to authorize Union to pay to him all royalties due from their share of the unit. Fourteen of the eighteen named in the deed, representing $13/17$ths of the total interest in the property (12 asserted a $1/17$th interest each, and the two great grandchildren claimed $1/17$th between them) signed such form, but appellant Della, her son and two others did not sign. Della protested that Frank K. was exercising too much power, and in full recognition of the rights and interests of the other remaindermen under the 1939 deed, insisted that she and another be named with him as "trustees", but Frank K. disagreed, and this was not done. As a result of the failure of the four to execute the form, Union suspended payment of all royalties and accrued all payments to which the owners of the 37.2 acre tract were entitled.

This suit was then filed by Frank K. Wisdom, Trustee and Individually, as plaintiff against the persons named in the 1939 deed (except the life tenant, who had long since died), alleging by amended petition that said deed created a trust in P. W. Wisdom which was continued in plaintiff by the instruments executed by P. W. to plaintiff in September, 1950, and further alleging that by the terms of said 1939 deed all defendants [1] and plaintiff were granted an undivided $1/17$th interest in the property; further alleging the execution of the mineral lease, the production of minerals, the fact that royalties were not being paid due to the controversy between the parties, the receipt by plaintiff of other money from surface lease of the property, the fact that

1. Not including the pro-forma defendants.

the property was too small for partition in kind to the many interest owners, and other material facts. Plaintiffs' amended petition ends with the prayer that

"* * * judgment be entered ratifying said trust, or in the alternative, creating an equitable trust; that a Receiver be appointed to sell the above described property and apportion the proceeds, or in the alternative, Plaintiff be given the power of sale; that the lease to Union Producing Company be ratified; and that the royalties held in suspense be ordered paid in proportion to each beneficiary's share, and for all other relief either in law or in equity to which Plaintiff may show himself to be entitled."

Appellants and their son Wade Wisdom Clark, defendants below, in their answer plead that the 1939 deed was illegal and void and created no vested interests in any of the parties, and also that the deed and power of attorney from P. W. Wisdom, Trustee to Frank K. Wisdom were void in that P. W. Wisdom had no authority to delegate his duties, and that Frank K. had no authority to act as successor-trustee, or to file the suit. Plaintiffs' amended petition, in reply, plead estoppel by deed, equitable estoppel, ratification, and laches. In such amended petition, Union Producing Co. was made a party defendant by reason of its mineral lease.

The trial was to the court without a jury. Of the numerous defendants, only the claims of appellants and their son Wade were antagonistic to plaintiff. The statement of facts consists of 95 pages of oral testimony and statements, and 275 pages of exhibits. The court, in its judgment, determined that the deed of February 8, 1939, hereinbefore set out, granted a life estate in Frank Wisdom, and a vested remainder

of a $\frac{1}{17}$th each in the named beneficiaries (except that the two great grandchildren, Durward W. Price Jr. and George Mack Price share a $\frac{1}{17}$th interest), and created in P. W. Wisdom, Trustee, a special agency to execute an oil, gas and mineral lease on the land on such terms as he deemed expedient. The court further concluded that P. W. Wisdom was not authorized by the deed to assign to any person his discretionary powers to execute a mineral lease binding upon the interests of the remaindermen; that the purported lease executed by Frank K. Wisdom (not to be confused with the original Frank Wisdom, life tenant) was subject to being ratified and confirmed and had been ratified and confirmed by $\frac{13}{17}$th of the interests, as had the Declaration of Unit of Union Producing Company, and that such lease and unitization was valid as to and inclusive of the interests of the parties ratifying same. The judgment proceeded to approve the reports and accounts of Frank K. Wisdom and discharged him as Trustee; found that the land was not subject to being partitioned in kind and ordered the surface sold and the proceeds divided as the interests of the parties appeared; appointed a commissioner for such purpose; ordered the monies on deposit distributed to the remaindermen, and allowed attorney fees of $955.00 and reasonable expenses of $94.59 to plaintiffs' attorneys, to be paid out of funds received as income from the property. The court filed detailed Findings of Fact and Conclusions of Law, which are adequate to support the judgment. Of the parties asserting interest in the property only Della Portia Clark and her husband Prather A. Clark are in this court on appeal.[2]

The trial court, in its finding of facts, found that P. W. Wisdom did not receive any title, legal or equitable, in the deed of

2. Their son Wade Wisdom joined in the motion for new trial, and the appeal bond, but not in the briefs filed in this court. The record indicates that after the entry of the trial court's judgment, but before the motion for new trial was acted on the two parties other than appellants and Wade Wisdom asserting each a $\frac{1}{17}$th interest in the property in addition to the $\frac{13}{17}$th mentioned have ratified the mineral lease instruments.

1939 from Della Portia Clark and husband to him as Trustee, but that there was created in him a special agency for the named remaindermen to execute a mineral lease, which authority was discretionary, and not obligatory. Appellants' position on this appeal with reference to the court's construction of the deed, as raised in their first eight points of error, is summarized by them in their brief as follows:

"Appellants further submit that the Appellees fully developed their case but the Trial Court held that that instrument of February 8, 1939, did not create a trust. Appellants contend that, by the operation of the law as set forth in this brief, title to the subject property either remained in or reverted to them, or, a resulting trust arose in their favor. In either event, Appellants constitute the sole owners of the property, and not having ratified the oil, gas and mineral lease in question, fee simple title to the surface and minerals rests in the Appellants. A determination of this question fixes the right of the parties under all other points of the case."

Appellees answered this contention with their first counterpoint, to the effect that the trial court correctly construed the deed as granting to Frank Wisdom a life estate, and to the named beneficiaries a vested remainder of an undivided $\frac{1}{17}$th each (except the joint $\frac{1}{17}$th in the two great grandchildren) and in creating in P. W. Wisdom a nondelegable discretionary power as special agent to execute oil, gas and mineral leases. We agree with appellee. We have considered each of appellants' first eight points, and after a thorough study of the instruments involved, the other evidence, and the briefs of the parties, overrule each of them.

In passing upon the construction made by the trial court of the deed we shall be guided by well established rules heretofore laid down by our courts. The intention of the parties, when it can be ascertained from a consideration of all parts of the instrument, will be given effect when pos-

sible. Should there be any doubt as to the proper construction of the deed, that doubt should be resolved against the grantors, whose language it is, and the deed should be held to convey the greatest estate permissible under its language. Curdy v. Stafford, 88 Tex. 120, 30 S.W. 551; Garrett v. Dils Company, 157 Tex. 92, 299 S.W.2d 904; Harris v. Windsor, 156 Tex. 324, 294 S.W. 2d 798; Waters v. Ellis, 158 Tex. 342, 312 S.W.2d 231. It is to be presumed that the parties intended to effect a conveyance, and a construction affirming the validity of a deed will be adopted in preference to one which would nullify the instrument. Waters v. Ellis, supra; Curdy v. Stafford, supra; Heirs and Unknown Heirs of Barrow, Jr. v. Champion Paper & Fibre Co., Tex.Civ.App., 327 S.W.2d 338, writ ref. n. r. e.; Bryan v. Thomas, Tex.Civ.App., 359 S.W.2d 131, aff'd, Sup.Ct., 365 S.W.2d 628.

If we sustain the contention of appellant that the parties to the 1939 deed intended that title to the subject property, after the termination of the life estate, either remained in or reverted to grantors, or that a resulting trust arose in their favor, and that they became the sole owners of the property, we would be nullifying, rather than affirming the validity of the deed as to the named beneficiaries. We would also be holding counter to the rule of construction that when in doubt, the greatest estate permissible under the language of the instrument was intended to be conveyed.

The record shows, by appellant Della Clark's letter written in 1957, that the conveyance of the land to appellants by her father in 1932 (10 acres) and 1934 (the rest of the tract) was a family matter, and that appellants, though having record title to the whole, only claimed actual title apart from the family to ten acres. This is evidence to be considered in determining the matter of the consideration and purpose for the 1939 deed, and whether grantors intended to convey remainder interest to the named beneficiaries.

In their contention that the title to the entire property remained in or has reverted to grantors in the deed, appellants allege that the trial court erred in his finding that no trust was created, and that P. W. Wisdom became a special agent for the named beneficiaries to perform, at his own discretion, but with no obligations, the acts mentioned. Appellants say a trust was created because trust like language was used in the instrument, and the parties on occasion used the term "Trustee." Nothing inheres in the actions of renting for crops, preserving funds, paying taxes, or leasing for oil, gas, and other minerals which would require one to be a trustee to do these things. An agent could do them as well. It is well settled in law that the mere calling of one a trustee or for one to call himself a trustee does not necessarily indicate that he is in fact or in law a trustee. Gibbs v. Barkley, Tex.Com.App., 242 S.W. 462, opinion approved by Sup.Ct.; Thompson v. Schmitt, 115 Tex. 53, 274 S.W. 554; McCamey v. Hollister Oil Co., Tex.Civ.App., 241 S.W. 689, aff'd, 115 Tex. 49, 274 S.W. 562; Duncanson v. Howell, Tex.Com.App., 222 S.W. 232; Pendery v. Panhandle Refining Co., Tex.Civ.App., 169 S.W.2d 766, writ ref. w. o. m. Whether one acting under authority granted him by an instrument of conveyance is a trustee vel non depends, as the trial court correctly appreciated, on the construction of the instrument.

However, if the trial court were in error in his finding that no trust was created in P. W. Wisdom by the 1939 deed, such would not affect title to the property following the death of the life tenant. It is provided in the deed that the trust is "for the use and benefit of the following named persons, and none others" and then follows the names of the eighteen beneficiaries; and next is the grant of power to the trustee to hold, possess and preserve the property for the benefit of said persons. No obligations or duties of any nature are placed on the named trustee. He was not obligated to do anything with reference to the land. He had authority, but not the duty, to execute a mineral lease, and after the termination of the life estate, to rent for crops. This was the limit of his trustee-ship. In our opinion, if any trust was created in P. W. Wisdom under such deed, it was a mere passive trust, and was intended as such by the grantors, the trustee to hold legal title to the land for the named beneficiaries until the termination of the life estate, with authority to execute a mineral lease for the benefit of the beneficiaries if he deemed it expedient, with the legal title vesting in the remaindermen according to the interests stated at the death of the life tenant. 89 C. J.S. Trusts §§ 17–18, pp. 730–731. We are of the opinion that the phrase "from any agricultural income raised therefrom or from any other income" was not intended to, and did not limit the remainder interests conveyed to the beneficiaries to the right to receive income only.

It is our view that if the instrument was effective to create some type of trust cognizable by a court of equity, the trust terminated at the death of the life tenant; and that if the trustee retained any further power as regards making mineral leases or renting the land, such power was that of an agent, and was terminable at the will of any of the co-tenant remaindermen.

The two cases cited by appellants in support of their contention that the trust failed, and title to the property either remained in or reverted to grantors, are not in point. The decision in Meyer v. Holle, 83 Tex. 623, 19 S.W. 154, cited by appellants, resulted from the holding in Nolte v. Meyer, 79 Tex. 351, 15 S.W. 276 that the trust deed relied on in the subsequent case was void because of the indefiniteness and uncertainty of the trust attempted to be created, and the beneficiaries and the direction with reference to the appointment of trustees are left in uncertainty by the terms of the instrument. The case was decided strictly upon the facts there presented, which bear no similarity with our present case.

In Morrison v. Parish, Tex.Civ.App., 384 S.W.2d 764, writ dism., cited by appellants,

the trust failed, and the trustee held title on a resulting trust for the grantors, due to the fact that no beneficiaries of the trust were included in the deed. The court held that "the existence of a beneficiary is an indispensable element of an expressed trust, and in the absence of a beneficiary the effort to create the trust aborts." Such holding is no authority for the appellants' contentions in the present case.

The trial court properly determined in the judgment that the deed of February 8, 1939, granted a life estate in Frank Wisdom, and a vested remainder of $\frac{1}{17}$th each to the named sixteen beneficiaries, with Durward W. Price, Jr. and George Mack Price to share a $\frac{1}{17}$th interest, and created in P. W. Wisdom, Trustee, a special agency, and appellants' contentions that title to all of the property remained in or reverted to appellants are overruled.

Appellants' points 7 and 8, that the trial court erred in ordering the surface partitioned by sale thereof, and in appointing a commissioner to effect such sale, and in ordering the monies on deposit with the court distributed to the 18 beneficiaries, are, in appellants' brief, expressly made to depend on the correctness of their position as to their ownership of the entire tract. Since we have held to the contrary of that position, we hold that the court's ruling on the partition and the distribution were proper, and overrule these points.

Appellants' 9th Point of Error reads as follows:

"The Trial Court erred in entering a judgment the terms of which are contrary to the pleadings filed in the Trial Court and not, in any manner, supported by the pleadings of the Appellees, when the Court decreed in its judgment that that instrument from Della Portia Clark and husband, Prather A. Clark, to P. W. Wisdom, Trustee, dated February 8, 1939, had the effect in law and in fact to create and vest a legal remainder in

the eighteen parties named in the instrument as beneficiaries."

■ We have heretofore briefly summarized the amended petition of plaintiffs, and the pleadings of appellants. We feel that such pleadings placed in issue the question of the construction of the deed of February 8, 1939, and of the title to the land, and that the trial court was authorized to construe the deed and rule on the condition of the title.

■ Plaintiffs' petition and amended petition prayed for general relief. Conflicting interpretations as to the effect of the 1939 deed on the title to the property were alleged by plaintiffs and appellants. The rule is well settled that under a prayer for general relief, any relief appropriate to the facts proved at the trial may be given, and it is for the court to declare what form of relief is appropriate under the pleadings and the evidence. 45 Tex.Jur.2d, Pleading, § 49, pp. 458 et seq.; Silberberg v. Pearson, 75 Tex. 287, 12 S.W. 850; Morris v. Biggs & Co., Tex.Civ.App., 165 S.W.2d 915, writ dism.; Galindo v. Garcia, Tex.Civ.App., 222 S.W.2d 477; Gilbreath v. Douglas, Tex. Civ.App., 388 S.W.2d 279.

Appellants' 9th point is overruled.

■ Appellants, by their 10th point, assert that plaintiffs' attorneys fees and expenses were not recoverable in this case. The trial court correctly held that P. W. Wisdom, had no power to delegate his discretionary authority and rights conveyed under the deed of 1939 to a successor, as he attempted to do by the instruments executed in September, 1950. 57 Tex.Jur.2d, Trusts, § 119, pp. 509–510; Michael v. Crawford, 108 Tex. 352, 193 S.W. 1070; Grundy v. Broome, Tex.Civ.App., 90 S.W. 2d 939. These instruments, therefore, did not create any trusteeship in Frank K. Wisdom. Hence Frank K. Wisdom as plaintiff was not entitled to recover attorney fees under any statutory provisions applying to trustees. No contention is made of

any contractual relations between the parties providing for attorney fees or expenses. We quote from Turner v. Turner, Tex.Sup. Ct., 385 S.W.2d 230, 233, as follows:

"The general rule of law in this state is that, unless provided for by statute or by contract between the parties, attorney's fees incurred by a party to litigation are not recoverable against his adversary either in an action in tort or by suit upon a contract. Van Zandt v. Ft. Worth Press, 359 S.W.2d 893, 896(5), Tex.Sup. 1962; Perry v. Leuttich, 132 Tex. 159, 121 S.W.2d 332, 333 (2–4), 1938; Wm. Cameron & Co. v. American Surety Co. of New York, 55 S.W.2d 1032, 1035 (3), Tex.Com.App., 1932; Sherrick v. Wyland, 14 Tex.Civ.App. 299, 37 S.W. 345, 1896"

We feel that such rule of law is applicable here.

■ The judgment included recovery by plaintiff of $955.00 in attorneys fees, and $94.59 in expenses, to be paid from money on deposit with the court, and with appellees' attorney. Since only the appellants, representing a 1/17th interest in the property and the proceeds, have appealed, and since they alone have complained of the allowance of the attorneys fees, it is our holding that the judgment be reformed so as to deduct 1/17th of the sum allowed as attorneys fees, and expenses, and add such amount to the appellants' portion of the sums on deposit decreed to be distributed to the joint owners of the property.

Consideration of appellants' remaining points Nos. 11, 12, and 13 is, by their brief, made to depend upon the correctness of their contentions that the title to this land remained in or reverted to appellants, as raised in their points 1–8 inclusive. Since we have overruled these points and held adversely to these contentions, points 11, 12, and 13 are also overruled.

The judgment of the trial court is reformed, so that the amount of attorney's fees and expenses allowed to plaintiffs'

attorneys is reduced by 1/17th thereof, and such 1/17th is added to the sum ordered to be paid to appellant Della Portia Clark in the distribution of the assets on deposit in the registry of the trial court.

Costs of the appeal are assessed two-thirds against appellants and one-third against appellees.

Reformed and affirmed.