**Gene M. HUMMEL, Trustee for the Reorganized Church of Jesus Christ of Latter Day Saints, Plaintiff–Appellant,**

v.

**Wesley TOWNSEND, Defendant–Appellee.**

No. 88–1628.

United States Court of Appeals, Fifth Circuit.

Sept. 15, 1989.

Rehearing Denied Oct. 13, 1989.

J. Richard Tubb, Brent L. Brown, Stinson, Mag & Fizzell, Dallas, Tex., Stephen J. Owens, Christopher M. Kato, Kansas City, Mo., David G. Tekell, Waco, Tex., for plaintiff-appellant.

Greg White, Jack Welch, McGregor, White, Malesovas & McSwain, Waco, Tex., for defendant-appellee.

Before RUBIN, KING, and GARWOOD, Circuit Judges.

GARWOOD, Circuit Judge:

This is a case involving disputed ownership of real property in which jurisdiction was sought to be predicated solely on the basis of diversity of citizenship. The district court, on consideration of defendant's motion to dismiss for want of jurisdiction, found that diversity was not established and dismissed the suit for that reason. Plaintiff appeals, and we affirm.

Plaintiff-appellant Gene M. Hummel (Hummel), a citizen of Missouri, is the Presiding Bishop of the Reorganized Church of Jesus Christ of Latter Day Saints (RLDS World Church), an unincorporated association headquartered in Independence, Missouri. Defendant-appellee Wesley Townsend (Townsend), a citizen of Texas, is or was the pastor of the RLDS World Church in Marlin, Texas (Marlin Church). At some point prior to 1988, the RLDS World Church adopted a resolution authorizing the ordination of women into the priesthood. Townsend (and apparently most of the Marlin congregation) disagreed with this new policy. On June 19, 1988, Townsend held a business meeting during which the Marlin Church voted to secede from the RLDS World Church and form a new church, the Marlin Restoration Branch.

Townsend and his followers also resolved that "the new Marlin Restoration Branch retain all of the Marlin RLDS Branch property and assets," which consisted primarily of the church building and the surrounding grounds in Marlin. After being notified of this meeting, the RLDS World Church attempted to replace Townsend with another pastor. However, when the new pastor tried to conduct services at the Marlin Church the following Sunday, he was denied access to the building. Hummel then, on June 28, 1988, filed this lawsuit in the United States District Court for the Western District of Texas to gain access to the Marlin Church property and to expel Townsend and his followers.

The complaint seeks to predicate jurisdiction entirely on the basis of diversity of citizenship. 28 U.S.C. § 1332. It alleges that Hummel, the only plaintiff, is a resident and citizen of Missouri and that Townsend, the sole defendant, is a resident and citizen of Texas. The complaint expressly alleges that Hummel brings the suit only in his capacity as "Trustee for the Reorganized Church of Jesus Christ of Latter Day Saints," and it explains Hummel's asserted position as such trustee in the following manner:

"1. Gene M. Hummel is an individual who serves as the [P]residing Bishop of the Reorganized Church of Jesus Christ of Latter Day Saints, an international unincorporated religious association (the 'RLDS World Church').

"2. In the course and scope of his work as [P]residing Bishop, Hummel acts for and on behalf of the RLDS World Church.

"3. Pursuant to terms of his ordination and ecclesiastical law, Hummel, as Presiding Bishop of the RLDS World Church, is formally appointed by the RLDS World Church to act as Trustee for purposes of holding all church property as Trustee in Trust for the church, and including maintaining necessary legal action on behalf of the RLDS World Church, to confirm control and legal title of real and personal property.

"....

"10. The RLDS World Church is an international unincorporated association and a religious society organized and existing pursuant to its own unique beliefs, rules, regulations, and procedures.

"11. The RLDS World Church is hierarchical in nature, with various components constituting one united sovereign church, the units being integral parts of the sovereign church subject to laws, procedures, and organs according to an ascending order of authority.

"12. The organizational nature of the RLDS World Church is not independent or congregational.

"13. As [P]residing Bishop, pursuant to the terms of his ordination, RLDS doctrine and ecclesiastical law, Hummel acts as Trustee and owner of all real and personal property of each local RLDS branch congregation, including the Marlin, Texas branch....

"14. Hummel holds the Property [in dispute] as Trustee in trust for the RLDS World Church pursuant to the laws and procedures of the RLDS World Church.

"15. As Trustee and holder of the Property [in dispute], Hummel is entitled to control, without interference, the access, occupancy and use of the Property and the buildings situated thereon."

The complaint does not allege, nor does the evidence at the hearing on the defendant's motion to dismiss suggest, that Hummel's claimed trusteeship was based on or consisted of anything other than what is asserted in the above-quoted allegations. For example, the complaint does not allege, and the evidence does not show, that the property in dispute was ever conveyed or titled to Hummel (individually or as trustee) or to any prior Presiding Bishop of the RLDS World Church (or other official thereof) to whose position in the church Hummel succeeded, or that any court has ever appointed Hummel (or any official of the RLDS World Church to whose position in the church Hummel succeeded) trustee of the property. In short, the nature of the trusteeship claimed by Hummel does not derive from or consist of any asserted relationship to the disputed property (or to the RLDS World Church's acquisition of its claimed interest therein) that differs from the relationship which Hummel as Presiding Bishop purportedly has to any and all property or rights as to which the RLDS World Church has or claims any right, title, or interest. Hummel simply says that whatever legal or equitable rights or claims the RLDS World Church may have as to anything, Hummel is trustee thereof by virtue of his position as RLDS World Church Presiding Bishop. It is likewise undisputed that the RLDS World Church is an unincorporated association, some of the members of which are residents and citizens of Texas.

After a hearing on July 8, 1988 on Townsend's motion to dismiss for want of jurisdiction, the district court dismissed Hummel's complaint for lack of diversity. This appeal by Hummel followed.

**Discussion**

■ We begin with the well-settled rule that federal courts are courts of limited jurisdiction, and that parties seeking to invoke the jurisdiction of a federal court have the burden of proving that jurisdiction exists. *Aetna Casualty & Surety Co. v. Hillman*, 796 F.2d 770, 775 (5th Cir.1986).

■ We also note the equally well-settled principle that an unincorporated association is deemed a citizen of every state in which its members reside. *United Steelworkers of America v. R.H. Bouligny, Inc.*, 382 U.S. 145, 86 S.Ct. 272, 15 L.Ed.2d 217 (1965). Since at least some RLDS World Church members are citizens of Texas, the RLDS World Church is deemed a citizen of Texas. If Hummel is bringing this suit merely in the capacity of an authorized officer of the RLDS World Church, then there appears to us no sufficient basis to distinguish this case from *Bouligny*.

■ Hummel testified that "[a]s [P]residing [B]ishop, I am the chief financial officer for the [RLDS] World Church and responsible for holding properties of the [RLDS] World Church as trustee. Together with two associate bishops, we form the [P]residing [B]ishopric, three bishops, who are responsible for all of the business or

temporal affairs of the church wherever the church is located in the world." He explained the source of his authority as follows:

"In 1926, at the World Conference, legislation was passed, identified as Resolution Number 866, found in the book, Rules and Resolutions, because of some confusion that had developed relative to property titling. And this resolution, in essence, affirms the appropriateness of taking title, in those states where law requires, in the name of a church corporation. Or in those states or other countries where not required, it authorizes the presiding bishopric to serve as trustees in property holding.

" . . . .

"Q Okay. And with regard to not-for-profit corporations, is there a Texas not-for-profit corporation organized to hold church property?

"A No, there is not." [1]

However, Hummel did not purport to be the ultimate or highest authority in the RLDS World Church. The testimony of Hummel's witness Thielke (which Hummel did not dispute) explained that "[t]he RLDS [World] Church is so structured that there are two basic lines of authority, *both of which begin with the [P]resident of the church.*" (Emphasis added.) One line of authority is "the spiritual and administrative." The other line of authority is "the temporal line of authority, [over] which the *[P]residing [B]ishopric* functions as the chief financial officer. And in that line of authority, *he, of course, is responsible to the [P]resident of the church as well.*" (Emphasis added.) [2] Hummel is not and

---

1. The 1926 World Conference Resolution referred to by Hummel provides in part:

"That the Presiding Bishop and/or his counselors, or either of them, as trustee or trustees, shall have the authority and right to accept, take, hold, mortgage, and convey title to property, either real or personal or mixed, and wheresoever situated, which the church as an unincorporated association may lawfully take and hold, and to which it may assert title and ownership, and from any source whatsoever, either by deed of conveyance or by last will and testament.

" . . . .

"That in mortgaging and conveying church property the signature of the Presiding Bishop or his counselors will pass the entire title and interest of the Church therein."

In the 1930 World Conference of the RLDS World Church, a resolution was passed stating that it "authorize[d] the Presiding Bishopric to use the corporate form of organization for carrying on the temporal work of the church in those jurisdictions where corporate rights and functions may be exercised under the law of such jurisdiction."

The RLDS World Church publication, "Church Administrator's Handbook," contains the statement:

"Titling property is very important, and because the Presiding Bishopric serves as trustee in relation to all property, it should be consulted immediately when real estate is to be purchased, sold, or received by donation."

Similarly, the "Guidelines for Church Building" of the RLDS World Church provides in part that:

"The matter of title to church property is very important. The Presiding Bishopric is trustee for the church over all property, and therefore should be consulted immediately when real estate is to be purchased, sold or donated to the church."

2. This is also reflected in the RLDS World Church organizational chart (showing the "First Presidency" alone at the top level) contained in the "Church Administrator's Handbook" introduced by plaintiff below, and in the RLDS World Church booklet, "Rules and Resolutions," also introduced by plaintiff below, which provides in part:

"9. The government of the church includes administrative, legislative, and judicial functions. . . .

"10. Administrative Functions

"Administration is through members of the priesthood, acting according to their several callings and with the consent of the church. These may be grouped as follows:

"*The Presidency,* who administer the affairs of *the entire church.* [Emphasis added.]

"*The Twelve,* who represent the Presidency in organized fields and are assisted in this work by stake presidents, regional administrators, district presidents, and branch presidents in their respective responsibilities. The Twelve also direct the missionary work of the church with the members of the Seventy as their chief assistants.

"*Bishops,* who administer the temporal affairs of the church, consisting of

"*The Presiding Bishopric,* who have administrative and trustee responsibilities covering temporal affairs of the entire church, and

"*Stake, Regional, District, and Branch Bishops.*

" . . . .

"12. Legislative Functions

"Legislation is considered and enacted in General Conference, mission, stake, and dis-

was not President of the RLDS World Church. Moreover, Thielke's testimony also reflects the authoritative role of the World Church Conference in the governance of the RLDS World Church:

> "The World Church Conference is the most authoritative body, legislatively, in the church. Every two years, we conduct a world conference in Independence, Missouri, at which time the church as a body—delegates representing the body of the church votes on such things as the policies and procedures that will be followed in the administration and conduct of the church, as well as its program, and most importantly, the [P]resident of the church, whom we believe provides to the church divine revelation, which we also have an opportunity to vote upon."

Moreover, according to the RLDS World Church organizational chart introduced by plaintiff below, the Presiding Bishopric consists of the Headquarters Support Services, Fiscal Affairs, Field Support Services, Legal Services, Computer Services, and Real Estate Management divisions. In general form, this does not appear substantially different from the organization of many other large, unincorporated associations.

However, Hummel contends that according to RLDS World Church doctrine the Presiding Bishop is *trustee* of all church property, and that he is therefore bringing this action in his capacity as a trustee. In light of the Supreme Court's decision in *Navarro Savings Association v. Lee,* 446 U.S. 458, 100 S.Ct. 1779, 64 L.Ed.2d 425 (1980), this presents a more troublesome question. In *Navarro Savings,* the Court held that the citizenship of the trustee of a Massachusetts business trust controlled for

diversity purposes, rather than the citizenship of the beneficiaries. *Id.* at 1784. The Court determined that the trust in question was neither an association nor a corporation, and that the real question presented by the case was whether the trustees were the real parties to the controversy. *Id.* at 1782. The Court observed that "[a]t all relevant times, [the trustee] operated under a declaration of trust that authorized the trustees to take legal title to trust assets, to invest those assets for the benefit of the shareholders, and to sue and be sued in their capacity as trustees." *Id.* at 1784. Since this power was vested exclusively in the trustees, they were the real parties in interest and thus their citizenship was determinative.

Following the *Navarro Savings* principle, we held in *Mesa Operating Limited Partnership v. Louisiana Intrastate Gas Corp.,* 797 F.2d 238 (5th Cir.1986), that the citizenship of the general partners in that particular limited partnership was controlling for diversity purposes.[3]

We are cited to no assertedly controlling cases other than *Bouligny, Navarro Savings,* or *Mesa,* nor to any cases in which a church's citizenship was relevant for diversity purposes. We conclude that this case is governed by *Bouligny* rather than *Navarro Savings* or *Mesa.* In *Navarro Savings,* the individuals whose citizenship was held to be decisive comprised the entirety of the single controlling body of the organization, and those whose citizenship was not decisive had essentially a purely passive role. This was likewise basically the case in *Mesa.* Here, the organization of the RLDS World Church appears to be far more diffuse and complex, and it is not

---

trict conferences, and branch business meetings....

" . . . .

**"14. Judicial Procedure**

"All members of the church have right of access to the courts of the church for protection or redress.

"Elders' courts are convened as courts of original jurisdiction where no bishop's courts can be had conveniently.

"Bishop's courts are standing courts and have original jurisdiction or hear appeals from elders' courts." (Footnotes omitted.)

3. We noted in *Mesa* that "[u]nder most state limited partnership acts and the Uniform Limited Partnership Act, limited partners have more power than the limited partner in this case does.... We express no opinion as to whether a limited partnership agreement which granted powers to limited partners as broad as the Delaware statute permits would require the limited partners to be considered for diversity jurisdiction." 797 F.2d at 242–43 n. 1.

**372**

shown that Hummel bears the same sort of relationship to the RLDS World Church as the trustees did to the business trust in *Navarro Savings*, or the general partners did to the limited partnership in *Mesa*. Moreover, Hummel is not an outside or third-party trustee for others, but is rather a trustee *only* by virtue of his position (Presiding Bishop) *within* and as a *part* of the RLDS World Church itself. His position as "trustee" is *only* a function of his status as an official *of*—and chosen only by—the RLDS World Church itself. Unlike the third-party trustee and the general partner, Hummel has no status or personal interest independent of his position as Presiding Bishop. He is in this respect no different than any manager or officer whom any unincorporated organization might itself select according to its own procedures. We conclude that Hummel has not met his burden of proof to demonstrate that the organization of the RLDS World Church and his position therein, or with respect to the instant suit, is such that only his citizenship (and that of the defendant) is determinative for diversity purposes. *Aetna Casualty & Surety Co.,* 796 F.2d at 775.[4]

For the foregoing reasons, the judgment of the district court is

AFFIRMED.

---

**4.** As previously observed, Hummel's assertions of trustee status are not based on any claimed relationship of his to the particular property in dispute, as distinguished from any other property or interest as to which the RLDS World Church may have or claim some right, title, or interest. Under Texas law, "the mere calling of one a trustee or for one to call himself a trustee does not necessarily indicate that he is in fact or in law a trustee." *Clark v. Wisdom,* 403 S.W.2d 877, 883 (Tex.Civ.App.—Corpus Christi 1966, writ ref'd n.r.e.). Trustee status depends on construction of the instrument creating the trust. *Id.* The three instruments under which the interest of the RLDS World Church in the disputed property arises are all conveyances to one or more local (Marlin area) individuals— one of whom is defendant Townsend—as trustee or trustees for "the Reorganized Church of Jesus Christ of Latter Day Saints, of Marlin, Texas" (in one instance, "of Marlin, Texas" is omitted). There is no evidence or claim that Hummel has succeeded to the positions of these named individuals as trustee of the trusts created by these deeds. It is apparent that in this suit, Hummel is seeking to act on behalf of the RDLS World Church as the alleged *beneficiary* under the trusts created by those deeds; Hummel is not acting as trustee *of the particular trusts created* by the deeds.